**MARTIN et al. v. HAWKINS.   (No. 9716.)***

(Court of Civil Appeals of Texas. Fort Worth. Jan. 7, 1922.   Rehearing Denied Feb. 11, 1922.)

**I. Sunday ⬥30(3)—Delivery of citation to sheriff not part of "service" within statute.**

The delivery of a "citation" to the sheriff for service is not a part of the service within Vernon's Sayles' Ann. Civ. St. 1914, art. 1816, prohibiting the service of process on Sunday.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Service.]

**2. Judgment ⬥17(10)—Return of service, not showing delivery of copy to each defendant, will not support default judgment.**

Under Vernon's Sayles' Ann. Civ. St. 1914, art. 1856, providing that, unless the process should otherwise direct, the citation shall be served by delivering to each defendant in person a true copy, a return of service on several defendants stating that it was served "by delivering to the within named defendant in person a true copy," would not support a default judgment.

**3. Appeal and error ⬥1173(1)—Liability held joint and several, and reversal as to some defendants not to require reversal as to all.**

An action on a contract by which all defendants bound themselves to pay a debt necessarily involved the several liability of each defendant, as well as the joint liability of all, so that a reversal of the judgment as to some of the defendants did not require reversal as to another defendant.

**4. Judgment ⬥240—Several judgment cannot be sustained unless petition alleges several liability.**

If the petition failed to allege several liability in words or as a matter of law, a judgment awarding several liability against the defendants cannot be sustained, as the judgment must be responsive, not only to the proof, but to the issues tendered by the pleadings.

Error from District Court, Tarrant County; Sam R. Sayers, Special Judge.

Action by W. L. Hawkins against J. Y. Martin and others. Judgment for plaintiff, and defendants bring error. Affirmed in part, and reversed and remanded in part.

W. N. Coombes and Gano, Gano & Scurry, all of Dallas, and McLean, Scott & McLean, of Fort Worth, for plaintiffs in error.

J. W. Stitt, of Fort Worth, for defendant in error.

BUCK, J.   W. L. Hawkins filed suit against J. Y. Martin, M. R. Martin, H. L. Martin, Jesse W. Martin, and H. G. Martin in damages. A default judgment was rendered, and the defendants have appealed. The sheriff's return on the service of citation on all the defendants except H. G. Martin is as follows:

"Came to hand on the 20th day of June, 1920, at —— o'clock —— M., and executed in Tarrant county, Texas, by delivering to the within named defendant —— in person, a true copy of this citation (together with the accompanying certified copy of the plaintiff's petition) at the following times and places, to wit:

|  |  |  | Place and Course —Mileage and Distance from |
| Name. | Date. | Time. | Courthouse. |
| --- | --- | --- | --- |
|  | Mo. Day Yr. | Hr. Min. M. |  |
| J. Y. Martin | 6 30 1920 |  |  |
| M. R. Martin | 6 28 |  |  |
| H. L. Martin | 6 30 | * |  |
| Jesse W. Martin | 6 30 |  |  |

"I actually and necessarily traveled 80 miles in the service of this citation, in addition to any other mileage I may have traveled in the service of other process in the same case during the same trip.

"Fees:  Serving 4 cop. ....................... $3 00
         Mileage ...............................   4 00

             Total ...............................  $7 00

"Sterling P. Clark,
    "Sheriff Tarrant County, Texas.
        "By W. C. Parker, Deputy."

[1] Appellants urge that June 20, 1920, was Sunday, and that the delivery to the sheriff on said day was a part of the service, and hence the process was in violation of article 1816, V. S. Tex. Civ. Statutes. We

---

⬥For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes
*Writ of error refused April 5, 1922.

do not think the delivery to the sheriff on Sunday of the citation was a violation of the statute, and hence overrule this assignment.

[2] By another assignment, it is urged that a judgment by default cannot be sustained in this case, because the service fails to show that the sheriff delivered to each defendant a copy of the citation; that a citation on more than one defendant is invalid unless it appears from the face of the officer's return, without the aid of intendment by the court, that the citation was executed by delivering a copy to each of the defendants named in said citation. By reference to the officer's return above set out it will be noted it does not appear that a copy of the citation was delivered to each of the defendants. We feel that this assignment must be sustained. Article 1856, V. S. Tex. Civ. Statutes, reads:

"Unless the process should otherwise direct, the citation shall be served, if within the county in which the suit is pending, by the officer executing it delivering to the defendant, or, if there be more than one, then to each defendant in person, a true copy of the citation." Swilley v. Reliance Lumber Co. (Tex. Civ. App.) 46 S. W. 387; Duke v. Spiller, 51 Tex. Civ. App. 237, 111 S. W. 787; Kinnell v. Edwards (Tex. Civ. App.) 193 S. W. 363.

[3, 4] But appellee urges that, as in the case of H. G. Martin, served in Dallas county, the service appears to have been regular, the judgment as against him should be affirmed, even though we should conclude that it should be reversed as to the others. This would be true if the liability of defendants pleaded by plaintiff was shown to be several as well as joint. The judgment taken appears to be joint and several. But if the petition failed to allege several liability, in words or as a matter of law, the judgment awarding several liability against the defendant cannot be sustained. In order to give a judgment the merit and finality of an adjudication between the parties, it must be responsive, not only to the proof, but to the issues tendered by the pleadings. 15 R. C. L. 602.

The petition states a case of debt, dependent upon the promise of all the defendants to plaintiff. This action is one upon a contract, alleged to have been made, in which all parties defendant bound themselves to pay the debt. We believe that such action necessarily involved the several liability of each defendant as well as the joint liability of all of them. Gwinn et al. v. O'Daniel et al., 5 Tex. Civ. App. 112, 23 S. W. 850; 13 C. J. p. 578, and note 24; Meyer v. Estes, 164 Mass. 457, 41 N. E. 683, 32 L. R. A. 283; Townes' Texas Pleadings (2d Ed.) p. 282, and cases cited under note 49.

Hence the judgment against H. G. Martin is affirmed, and as against the other defendants is reversed and remanded, for want of proper service. One-fifth of the costs of this appeal is adjudged against appellant H. G. Martin, and four-fifths of the costs is adjudged against appellee.

Affirmed in part, reversed and remanded in part.