## PRICE et al. v. BLACK BROS., Inc., et al.
### (No. 3723.)

Court of Civil Appeals of Texas. Texarkana.
June 27, 1929.

Edgar Wright, of Paris, for plaintiffs in error.

Reed & Edwards, of Clarksville, for defendants in error.

HODGES, J. In August, 1928, Black Bros., a private corporation, sued the plaintiffs in error Mrs. L. E. Price, G. R. Price and Oscar Covington for debt and to foreclose a chattel mortgage lien. In October following the case was called for trial. No answer having been filed by any of the defendants in the case, a judgment by default was entered against all of them for the sum of $1,075 with interest and attorney's fees and a foreclosure of the chattel mortgage. From that judgment the plaintiffs in error have prosecuted this writ, and seek a reversal of the judgment on the ground that the return of the officer on the writ of citation was not sufficient to support a judgment against them by default.

The return of the sheriff is as follows: "Came to hand on the 10th day of September, 1928, and executed in Red River County, Texas, by delivering to Mrs. Lewis E. Price October 9, 1928, at Clarksville, Texas, two miles. Oscar Covington October 9, 1928, northeast of Clarksville 20 miles. G. R. Price October 17, 1928, north of Clarksville 20 miles. Total number of miles traveled in serving this citation, 82 miles. [Signed] Enos Elder, Sheriff of Red River County, by Tom Barton, Deputy."

Article 2026 of the Revised Civil Statutes of 1925 provides that, "unless it otherwise directs, the citation shall be served by the officer delivering to each defendant, in person, a true copy of the citation and a certified copy of the petition when served without the county in which the suit is pending." Article 2034 requires that the return of the officer serving the citation shall state when the citation was served and the manner of service, conforming to the command of the writ, and be signed by him officially. It will be observed that the return in this instance does not state what the officer delivered to the defendants in the suit. We think that it is clearly insufficient to support a judgment by default. Roberts v. Stockslager, 4 Tex. 307; Graves v. Robertson, 22 Tex. 130; Willie v. Thomas, 22 Tex. 175; Ryan v. Martin, 29 Tex. 412; Martin v. Hawkins (Tex. Civ. App.) 238 S. W. 991.

The judgment will be reversed, and the cause remanded for a new trial.