## WOODALL v. LANSFORD et ux.

### No. 15400.

Court of Civil Appeals of Texas. Fort Worth.

Jan. 16, 1953.

Rehearing Denied Feb. 13, 1953.

J. Harold Craik, of Fort Worth, Chaney & Davenport, of Dallas, for appellant.

Chas. J. Murray, Ronald Aultman and M. Hendricks Brown, all of Fort Worth, for appellees.

MASSEY, Chief Justice.

This appeal, by writ of error, was prosecuted by Henry Woodall, plaintiff in error, from a judgment by default in the sum of $10,000, as damages resulting from a motor vehicle collision in Tarrant County, rendered in favor of Marx Lansford and his wife and child, defendants in error, in the 67th. District Court of Tarrant County, Texas, on the 16th day of April, 1952. For convenience, the First Party will be hereinafter termed appellant, and the opposite parties, appellees. Appellant made no appearance of any kind or character in the trial court until after more than thirty days following entry of judgment. Procedure by way of petition for writ of error was taken in proper form and order and this court has jurisdiction.

At the outset, we are confronted with the contention of the appellant that there is fundamental error based upon the form of the sheriff's return on the citation served upon him while the case was pending in the trial court. The contention is that the trial court had not, at time of entry of the judgment, acquired jurisdiction of the case entitling such court to render any judgment adverse to the appellant. Such an error, if it appears in the record, will be considered on appeal in the absence of an assignment. 3–B Tex.Jur., p. 40, sec. 688. The form of return on the citation reads as follows: "I hereby certify that this citation came to hand on the 18 day of Mar, 1952, at 8 o'clock A. M., and executed in Tarrant County, Texas, by delivering to the within named defendant. in person, a true copy of this citation, together with the accompanying true and correct copy of the *Citation to* Plaintiff's Petition at the following times and. places, to-wit: Henry W. Woodall Mar.. 18, 1952, 6:30 P. M." (Emphasis ours.) The return was officially signed by the deputy sheriff, for the sheriff of Tarrant County, Texas

Rule 107, T.R.C.P., prescribed the substance to be certified to on the return of a citation served upon a defendant within the State. Said rule reads as follows:

"The return of the officer executing the citation shall be indorsed on or attached to the same; it shall state when the citation was served and the manner of service, and shall certify that a true copy of the citation with the accompanying copy of the petition was delivered to the defendant, and be signed by him officially. When the citation has not been served, the return shall show the diligence used by the officer to execute the same and the cause of failure to execute it, and where the defendant is to be found, if he can ascertain. No default judgment shall be granted in any cause until the citation, with the officer's return thereon, shall have been on file with the clerk of the court ten days, exclusive of the day of filing and the day of judgment."

It is noted that by its express terms the return, when citation has been served, shall certify that a true copy of the citation with the accompanying copy of the petition was delivered to the defendant. Also, it is noted that no default judgment shall be granted until the citation, with the officer's return thereon, shall have been on file with the clerk of the court for ten days.

There are certain prerequisites which must be satisfied before a plaintiff, who has filed a suit, may take a default judgment against a defendant sued. He must have filed his petition in which a cause of action is stated requiring relief requested. He must have had notice of the suit served upon the defendant by way of citation, included in which, or together with which, the defendant must have had delivered to him a copy of the petition so filed. As evidence of such process upon the defendant, the return made on the citation by an officer charged by law with the duty of executing the same must affirmatively, and in accordance with the rules of civil procedure and statutes, certify that the defendant has received such notice, together with a copy of the plaintiff's petition. The statutory requirement as to time allowed the defendant in which he might appear and act in his own behalf must have passed without his having so appeared. Additionally, the return of such officer must have been on file in the office of the clerk of the court for at least ten days prior to the time of default judgment. When all these conditions are satisfied, the plaintiff is entitled to a default judgment upon a cause of action for damages. Until such prerequisites are satisfied, he is not so entitled.

There is reasoning behind the requirement of Rule 107 that the officer's return on a citation shall have been on file with the clerk of the court for ten days prior to the taking of default judgment. Perhaps the most essential purpose served by having said return on file for said period is its resulting availability for inspection by a defendant to determine the availability to the plaintiff of a default judgment. If the return, upon such an inspection, be found to lack the form or substance of the statutes and rules of civil procedure, such defendant would know that no valid default judgment could be taken against him.

Rule 118, T.R.C.P., prescribes that should the return be insufficient or defective, the court, within its discretion and upon such terms and notice as it deems just, may allow the return to be amended, unless it clearly appears that material prejudice would result to the substantial rights of the party served with process. In construction of Art. 2044, R. C. S., upon which this rule is based, it was said in 33 Tex.Jur., p. 908, " * * * it appears that in authorizing the officer to amend his return 'at any time' the statute contemplates the right to amend after the term as well as before, provided the amendment is made after full notice to the defendant or his attorney and after he has been afforded an opportunity to plead any matter of defense which he might have originally set up. * * *"

In this case, it does not appear from the record that there was ever any attempt to

correct the form of return upon the citation.

Prerequisite to consideration of the other errors complained of by appellant, we are required to decide the question of whether or not the default judgment could have lawfully been taken at the time it was taken, in the then condition of the record, with particular attention to the form of the sheriff's return on the citation. In 33 Tex.Jur., p. 886, sec. 72, which dealt with the statutes, in effect prior to the enactment of Texas Rules of Civil Procedure, which required that certified copy of the plaintiff's petition should accompany the citation where the defendant was to be served without the county in which suit is pending, it is stated, with regard to compliance with Art. 2023, R.C.S., 1925, which required such, " * * * The return must, of course, show a compliance with this requirement. * * *"

Graves v. Le Geirse & Co., 1 White & W. Civ.Cas.Ct.App. § 812, was a case in which the statute controlling the sheriff's return to the form of process served not only required such return to state that a true copy of the process had been delivered to the defendant, but also that a certified copy of the plaintiff's petition which accompanies the same be shown on the return to have been delivered to the defendant. In that case, perhaps through error, the officer at first drew a line through the words, "and a certified copy of the plaintiff's petition which accompanies the same," and then by memorandum at the side, wrote, "the latter not intended to be marked out" and signed "T. C. P."

In the process of making its decision, the court, quoting from a decision in the Supreme Court in Roberts v. Stockslager, 4 Tex. 307, relating to sufficiency of a return as showing with whom a copy of a petition was left, stated, "The provisions of the statute as to the mode of service and the fullness of the return are as plain as they are imperative. They cannot be mistaken, and the courts should not permit them to be disregarded. They prescribe the mode by which the court acquires jurisdiction over the person of the defendant; and as this is necessary to give validity to its acts and judgments, the regulations on the subject should be strictly observed by the officers charged with the duty, and enforced by the tribunal before which the matters in controversy are to be determined. The fact that the defendant has notice in the form prescribed by law is vitally essential to the jurisdiction of the court; and where the party does not appear, and thus waives defects of notice, it is the duty of the court to ascertain, before proceeding in the adjudication, whether the defendant has been legally brought within judicial cognizance in relation to the subject-matter then pending before the court. * * *"

The Court of Civil Appeals of Beaumont, 1939, in the case of Midwest Piping & Supply Co., Inc., v. Page, Tex.Civ.App., 128 S.W.2d 459, 461, writ refused, stated with reference to the requirement upon a defendant to present himself in court, as follows: " * * * Until the return of the sheriff upon the citation, showed that the defendant below had been properly cited, he was not bound to appear for any purpose. * * *" Speaking further in the same case the court said, " * * * The return is bad, under the decisions of this court repeatedly made, and for that reason the judgment will be reversed and the cause remanded." These quoted excerpts from the opinion are copied verbatim from the opinion of Judge Roberts in the case of Thomason v. Bishop, 24 Tex. 302, in which case an attempt was made to correct the form and sufficiency of the return after petition for a writ of error was filed.

The appellees contend that the return actually shows that the officer delivered a true and correct copy of the plaintiff's petition, even though it reads that it was a true and correct copy of the *citation to* plaintiff's petition. There is no dispute that a showing of a delivery of a copy of the plaintiff's petition is necessary, but the contention is that such is shown and that the language of the return could mean nothing other than that such a copy was delivered. There is no question but what such would be a reasonable presumption. The citation, on the reverse side of which the sheriff's return

appears, is clearly a notice to the defendant named therein (appellant here) that he has been sued and that a plaintiff named therein (appellees) had filed a petition as basis for the suit. The citation recites that a true and correct copy of the petition is attached to it "to which reference may be had." It further recites that the officer handling the serving of the notice shall promptly attend such according to requirements of law, and shall make return thereof as the law directs.

A citation to something may be a reference or quotation from some other instrument, as in the body of the citation the defendant named therein is referred to or cited to the plaintiff's original petition.

■ In the case of Tullis v. Scott, 38 Tex. 537, 538, which was one where the return was required to state under the law, that a certified copy of the writ and a copy of the plaintiff's petition were delivered to the defendant, the court said, "In Graves v. Robertson, 22 Tex. 130, and in Underhill v. Locket [20 Tex. 131], in Robert [Roberts] v. Stockslager, 4 Tex. 307, this court has held that no presumptions will be indulged to aid the sheriff's return in order to support a judgment by default. The statute is plain and mandatory, and if parties will take judgment by default, without requiring a correct and specific return by the sheriff of the service of the citation, as the law directs, they should not complain if their judgment is set aside on an appeal."

■ The return on the citation by the Sheriff of Tarrant County, Texas, on the appellant in this case, could not be said to satisfy the requirements of Rule 107, T.R. C.P., in the absence of presumption. No presumption may be indulged in order to support a judgment by default. Therefore the return failed to state that the sheriff had served the appellant with a copy of the citation with accompanying copy of the petition of the appellees, and was hence fatally defective, and did not give the lower court jurisdiction of the person of the appellant sufficient to support the judgment by default. Martin v. Hawkins, Tex.Civ.App. 1922, 238 S.W. 991, writ refused; Price v. Black Bros., Inc., Tex.Civ.App.1929, 19 S.W.2d 847.

The appellant has several highly interesting points upon which he predicates his appeal, including his contention that the fact that the official court reporter was not present at the hearing and no question and answer statement of facts being available to him to bring forward on the appeal, he is unlawfully deprived of statement of facts and the case should for that reason be reversed. However, in view of the fact that it is, in our opinion, fundamental error for judgment in this case to have been rendered by default by the trial court, with the return of the sheriff to the citation not affirmatively demonstrating that process had been had in accordance with the provisions of law, we are not discussing the law upon these additional grounds assigned for error. Upon a retrial of this case, it is unlikely that the circumstances giving rise to appellant's contentions in this regard would reoccur.

Judgment of the trial court is reversed and the cause remanded for another trial.