**PONCA WHOLESALE MERCANTILE COMPANY, Appellant,**

v.

**Roy Lee ALLEY et al., Appellees.**

**No. 7337.**

Court of Civil Appeals of Texas.

Amarillo.

March 16, 1964.

Rehearing Denied April 13, 1964.

Key, Carr & Clark, Lubbock, for appellant.

Thomas J. Griffith, Jr., Lubbock, for appellees.

DENTON, Chief Justice.

This case is before this Court by way of petition for writ of error filed by Ponca Wholesale Mercantile Company against Doy Nichols and H. P. Terry seeking to set aside a default judgment entered against Ponca. Articles 2249 and 2249a and 2255, Vernon's Ann.Tex.Civ.St.

On September 22, 1961, Ponca filed suit in the 47th District Court of Potter County against Roy Lee Alley for conversion of funds belonging to Ponca while an employee of that company. The suit sought recovery against Alley as principal and R. A. Pendergrass, Doy Nichols, H. P. Terry and W. L. Combes as sureties on the fidelity bond of Alley. These defendants were represented by two different law firms. On December 19, 1961, Nichols and Terry filed a cross-action against Ponca, and citation, with service thereon, was filed on December 22, 1961. The defendants' pleas of privilege were ultimately sustained and the case was ordered transferred to the 99th District Court of Lubbock County on October 3, 1962. Ponca's suit, on motion filed

by its attorney, was dismissed without prejudice by the judge of the 99th District Court on March 5, 1963. Subsequent to the order of dismissal of the Ponca suit, Nichols and Terry took a default judgment on their cross-action against Ponca on March 23, 1963. It is this default judgment this petition for writ of error seeks to set aside.

Appellant Ponca attacks the default judgment on the following grounds: (1) the service of citation on Ponca was insufficient to confer jurisdiction in the trial court to enter the judgment on the cross-action; (2) the record does not affirmatively show the service of citation was obtained on a person authorized by law to accept service for Ponca; and (3) the cross-action is not sufficient to support a judgment by default.

 Before proceeding with a determination of appellant's points of error, we must consider and pass upon appellees' motion to dismiss the petition for writ of error. Respondents' motion to dismiss is primarily based on the ground the writ fails to name all parties with adverse interests to appellant's position, namely Alley, Pendergrass and Combes. Article 360, Texas Rules of Civil Procedure, provides a petition for writ of error "shall state the names and residences of the parties adversely interested". It has been held "parties adversely interested" are parties whose interest in the subject matter of the proceeding is adverse to that of the parties seeking the writ of error or whose interest may be affected by the modification or reversal of the judgment in question. Sanitary Appliance Co. v. French (Tex.Civ.App.), 58 S.W.2d 159, (Error Dismissed); Highsmith v. Tyler State Bank & Trust Co. (Tex.Civ. App.), 194 S.W.2d 142, (Error Refused). Ponca's suit named Alley principal and Nichols and Terry along with Pendergrass and Combes as sureties on the fidelity bond. Subsequent to the filing of the cross-action of Nichols and Terry, the principal suit was dismissed. No affirmative relief was ever asserted by Alley, Pendergrass or Combes. When the principal case was dis-

missed these three defendants were no longer parties to the suit. These former defendants did not have an adverse interest which may be affected by this proceeding. We conclude the writ of error should not be dismissed on the ground the same fails to name all parties with an adverse interest. McPhaul v. Byrd (Tex.Civ.App.), 174 S. W. 644; City of Corpus Christi v. Scruggs (Tex.Civ.App.), 89 S.W.2d 458; First National Bank v. Cole (Tex.Civ.App.), 264 S.W. 926; Liquid Carbonic Co. v. Head (Tex.Civ.App.), 48 S.W.2d 464, (Error Dismissed). Appellees' contention that appellant having had actual or constructive notice of the judgment, was negligent in failing to appeal by the ordinary method is without merit. This record discloses appellant had no notice, actual or constructive, within the time allowed to pursue the ordinary appeals procedure. Neither can it be said appellant abandoned its right to appeal by failing to answer appellees' cross-action. Appellees' motion to dismiss is overruled.

 In passing upon appellant's points of error we are concerned with a direct attack upon the default judgment brought by writ of error. In such a proceeding we are to look only to the alleged errors appearing on the face of the record. Texaco, Inc. v. McEwen (Tex.Civ.App.), 356 S.W.2d 809, (NRE); 3 Tex.Jurs.2d, Section 17, page 287, and cases cited therein. Appellant first attacks the service of citation had on the cross-action. There is no controversy but that Ponca Wholesale is a domestic corporation existing under the laws of Texas with its principal office located in Amarillo, Potter County, Texas. It is well settled that in order for a default judgment on a cross-action to stand, legal service of process on the plaintiff must be shown in the record. Early v. Cornelius, 120 Tex. 335, 39 S.W.2d 6.

 The material part of Article 2029, V.A.T.S. provides:

"In suits against any incorporated company or joint stock association, the

citation may be served on the President, Vice President, Secretary, Cashier, Assistant Cashier, or Treasurer of such company or association, or upon the local agent of such company or association in the county where the suit is brought, or by leaving a copy of the same at the principal office of the company during office hours."

Article 2.11 of the Texas Bus.Corp.Act, V.A.T.S. provides in part:

"A. The president and all vice presidents of the corporation and the registered agent of the corporation shall be agents of such corporation upon whom any process, notice, or demand required or permitted by law to be served upon the corporation may be served."

It is our opinion Article 2.11 of the Business Corporation Act, a specific act, which became effective in 1955 should be applied here rather than Article 2029. The former article eliminates the practice of service upon local agents authorized under Article 2029. Much litigation involved the question whether a person served was in fact an agent of the corporation being sued. The obvious purpose of Article 2.11 was to provide a definite manner of service and remove the uncertainty that had arisen in the construction of Article 2029.

■ Appellees' cross-action alleged "Cross-plaintiffs are residents of Lubbock County, Texas. Cross-defendant is a corporation located and existing under the laws of the State of Texas with resident agents in the City of Lubbock, Lubbock County, Texas, upon whom service of process may be obtained." It is to be noted the petition named no person upon whom service of process might be had. The cross-action was filed in the District Court of Potter County prior to the removal of the case to Lubbock County, and the petition alleged service could be obtained upon "resident agents in the City of Lubbock, Lubbock County, Texas." The citation,

with return thereon, contained the following:

"Came to hand on 20 day of Dec, 1961, at 12 o'clock noon ————M., and executed in Lubbock County, Texas, by delivering to each of the within-named defendants, in person, a true copy of this Citation, having first endorsed thereon the date of delivery, together with the accompanying true and correct copy of the Plaintiff's petition, at the following times and places, to-wit: Ponca Wholesale Mercantile Co by delivering copy to Manager Don Landers 12 20 61 3 30 p. m. 1301 H Lubbock, Tex."

The law is well settled that the record must show affirmatively a strict compliance with the manner of service provided in order to support a default judgment. Household Furniture Co. v. Alvarado (Tex.Civ.App.), 246 S.W. 1111; United States Fidelity & Guaranty Co. v. Daniel (Tex.Civ.App.), 52 S.W.2d 108; Latham Co. v. J. M. Radford Grocery Co., 54 Tex.Civ.App. 510, 117 S.W. 909.

■ A reading of the petition, citation and return thereon clearly shows no designated officer or "registered agent" of appellant corporation was served with process. We think it is clear service of citation on "Manager Don Landers" was not proper service under Article 2.11. The record contains no other information as to what capacity Landers served the corporation. We cannot assume he was one of the designated officers upon whom service could be had under Article 2.11. We think the same conclusion would be reached under Article 2029. It has been held that the service of a "manager" is not equivalent to service of a "local agent" and such service is not proper under that Article. United States Fidelity & Guaranty Co. v. Daniel, supra; State Trust & Savings Bank v. Ferguson Seed Farms (Tex.Civ.App.), 80 S.W.2d 417; Tompkins Machine & Implement Co. v. Schmidt, 4 Willson, Civ.Cas.Ct.App. § 134, 16 S.W. 174.

We are of the opinion, and so hold, the record does not show affirmatively that Ponca, a domestic corporation, was served with process in the manner provided for under either Article 2029 or Article 2.11. Neither the petition nor citation names Landers as "local agent" or "registered agent" or officer of the corporation. Service upon Landers in Lubbock County as "manager" is not sufficient to comply with the law and will not support a default judgment. In view of this holding it is deemed unnecessary to consider and pass on the other point of error brought forward by appellant.

The default judgment rendered against appellant is reversed and set aside and the cause is remanded to the trial court for a trial on its merits.

Reversed and remanded.