**KAY'S JEWELERS, INC., Appellant,**

v.

**SIKES SENTER CORPORATION,**
Appellee.

No. 17038.

Court of Civil Appeals of Texas.

Fort Worth.

June 27, 1969.

Rehearing Denied Sept. 5, 1969.

Fillmore & Fillmore, and H. Dustin Fillmore, Wichita Falls, for appellant.

Nelson, Montgomery & Robertson, and Milburn E. Nutt, Wichita Falls, for appellee.

## OPINION

RENFRO, Justice.

Defendant, appellant herein, Kay's Jewelers, Inc., victim of a default judgment, argues that the default judgment rendered against it in favor of Sikes Senter Corporation is void because (1) jurisdiction of the person of the defendant has not been obtained, (2) service of citation and petition were not had upon defendant, and (3) the record did not affirmatively reflect that service of citation and petition were had upon defendant in accordance with the applicable statutes.

We are of the opinion the points of error should be sustained.

It is provided in Vernon's Ann.Tex.Civ. St., Business Corporation Act, Art. 8.10, Sec. A, under which plaintiff attempted to serve process, "The president and all vice presidents of a foreign corporation authorized to transact business in this State and the registered agent so appointed by a foreign corporation shall be agents of such corporation upon whom any process, notice, or demand required or permitted by law to be served upon the corporation may be served."

Plaintiff's petition alleged that defendant is an Oklahoma corporation duly qualified to do business in Texas, maintaining its resident agent for service, one Jerry Alexander, of Texarkana, Texas.

The sheriff's return reflects that citation with petition attached was served on "Kay's Jewelers, Jerry Alexander as agent."

The default judgment merely recites that "* * * the Defendant, though duly cited to appear * * * filed no answer * * *."

In the "record" the only reference to the agent actually served as "registered agent" of defendant was a letter written by plaintiff's attorney to the District Clerk of Wichita County in which the clerk was informed, "The Defendant can be served through its registered agent for service as specified in Paragraph No. II of such Petition," and the statement of plaintiff's attorney to the Court that Jerry Alexander "is the registered agent for service of Kay's Jewelers, Inc. as indicated by the registered agent of record on file in the Secretary of State office in Austin, Texas."

Plaintiff's petition did not allege that Alexander was the registered agent of defendant nor did the allegation bring the case within the provision of Art. 2031b, V.A.T. S., and the return did not show that service was had on the "registered" agent of defendant.

No attempt was made to amend the sheriff's return to show that process was served on defendant's registered agent.

Defendant's motion to vacate the default judgment was filed less than thirty (30) days after entry of said judgment.

■ Ordinarily presumptions are made in support of a judgment (including presumptions of due service of citation when the judgment so recites) but no such presumptions are made in a direct attack upon a default judgment. Flynt v. City of Kingsville, 125 Tex. 510, 82 S.W.2d 934 (1935); Woodall v. Lansford, 254 S.W.2d 540 (Tex. Civ.App., 1953, no writ hist.).

■ In order to uphold a default judgment against attack based upon a claim of void service it is essential that the record affirmatively show a strict compliance with the provided mode of service. McKanna v. Edgar, 388 S.W.2d 927 (Tex.Sup., 1965); Texaco, Inc. v. McEwen, 356 S.W.2d 809 (Tex.Civ.App., 1962, ref., n. r. e.); United States Leas. Corp v. Centennial Liquor Stores, 368 S.W.2d 951 (Tex.Civ.App., 1963, no writ hist.); Bankers Life and Casualty Company v. Watson, 436 S.W.2d 404 (Tex.Civ.App., 1968, ref., n. r e.); Anglo Mexicana de Seguros, S.A. v. Elizondo, 405 S.W.2d 722 (Tex.Civ.App., 1966, ref., n. r. e.).

■ In our opinion the letter to the District Clerk referred to and the statement by plaintiff's attorney to the court cannot be considered as "affirmative" showing that Alexander was the registered agent as required by the authorities.

■ The record before us does not show affirmatively that "the registered agent", appointed by defendant to be an agent, upon whom process may be served, was served with citation in this case.

For that reason it is necessary to reverse and remand for a new trial.

Defendant, in point 4, contends the court erred in holding, in effect, that defendant's failure to timely file an answer was without good excuse.

The court found that defendant failed to show or prove failure to file a timely answer was unintentional or that such failure was the result of accident or mistake or the result of conscious indifference.

At the most defendant showed that its Oklahoma lawyer neglected to send the citation to its Wichita Falls lawyer (attorney of record in this appeal), and did not instruct the local lawyer to file an answer.

We decline to disturb the finding of the trial court on defendant's failure to timely file answer. Point 4 is overruled.

Reversed and remanded.