**MOBILE PIPE–DILLINGHAM, a Joint Venture, Appellant,**

v.

**H. E. STARK, Appellee.**

**No. 7250.**

Court of Civil Appeals of Texas, Beaumont.

May 20, 1971.

McMahon, Smart, Sprain, Wilson & Camp, Abilene, for appellant.

Baill A. Martin, Newton, for appellee.

STEPHENSON, Justice.

This is the second appearance of this cause in this court, our prior opinion being reported under the same caption at 437 S. W.2d 359 (Tex.Civ.App.—Beaumont, 1969, no writ). Taking judicial notice of our own records in the prior appeal [1 Mc-Cormick and Ray, Second Edition, Texas Law of Evidence § 185, p. 205] we know

that the mandate did not issue within twelve months after our judgment of reversal and remand. See Rule 445. On April 16, 1970, a new suit was instituted in the District Court of Newton County; and, a review of the petition discloses that it declared upon the identical transaction made the basis of the prior suit which we had theretofore reviewed.

We now have a petition for writ of error to set aside a default judgment entered in the second suit. In his petition in the present suit, Stark complained of Mobile Pipe-Dillingham, a joint venture composed of Mobile Pipe Constructors, Inc., a California corporation, and Dillingham Construction Corporation, a Nevada corporation; and alleged that service of citation could be had upon Mobile Pipe-Dillingham by serving their duly authorized agent.

The sheriff's return on the citation showed it was delivered to "C. T. Corporation System, Statutory Agent," on the 24th day of September, 1970. Such return was filed with the District Clerk on October 1, 1970.

A default judgment was entered by the trial court on the 21st day of October, 1970. This judgment recited that the defendant failed to answer and made default, although duly served with process.

On November 20, 1970, a motion to set aside the default judgment, for new trial, and for summary judgment was filed by Mobile Pipe-Dillingham, a joint venture. The order overruling the motion for new trial, entered on December 14, 1970, contained the recitation that the judgment previously entered had become final on November 20, 1970, and the court had lost jurisdiction to grant the relief prayed for. An affidavit is filed as a part of our record in which the court reporter of the trial court certified that no evidence was reported by her in this case. A petition for writ of error was then filed in the trial court on December 24, 1970.

Since the mode of review here is by writ of error, it constitutes a direct attack upon the default judgment; and the question to be decided is whether there is a lack of jurisdiction apparent on the face of the record which would vitiate the trial court's judgment. McKanna v. Edgar, 388 S.W.2d 927 (Tex.Sup., 1965); Flynt v. City of Kingsville, 125 Tex. 510, 82 S.W.2d 934 (1935).

The primary complaint here is that the sheriff's return on the citation is fatally defective. In considering this point of error, we are governed by the well settled law that no presumption will be indulged to aid the sheriff's return in order to support a judgment by default. Woodall v. Lansford, 254 S.W.2d 540 (Tex.Civ.App. —Fort Worth, 1953, no writ); Grapevine Trucking, Inc., v. Shepherd, 366 S.W.2d 950 (Tex.Civ.App.—Fort Worth, 1963, error ref. n. r. e.).

The pertinent part of this sheriff's return reads as follows:

"Received this writ on the 14th day of Aug., 1970, at —— o'clock —.M., and executed the same in Harris County, Texas, on the 24 day of Sept., 1970, at 1:35 o'clock P.M., by summoning the Mobile Pipe-Dillingham, A Joint Venture a corporation, by delivering to C T CORPORATION SYSTEM, Statutory Agent, in person, of the said Mobile Pipe-Dillingham, A Joint Venture a true copy of this writ, together with accompanying copy plaintiff's original petition. * * * * * * "

The first sentence in Rule 107 reads as follows:

"The return of the officer executing the citation shall be indorsed on or attached to the same; it shall state when the citation was served and the manner of service, and shall certify that a true copy of the citation with the accompanying copy of the petition was delivered to the defendant, and be signed by him officially."

The pertinent portion of Article 8.10 of the Business Corporation Act, V.A.T.S., reads as follows:

"A. The president and all vice presidents of a foreign corporation authorized to transact business in this State and the registered agent so appointed by a foreign corporation shall be agents of such corporation upon whom any process, notice, or demand required or permitted by law to be served upon the corporation may be served.

"B. Whenever a foreign corporation authorized to transact business in this State shall fail to appoint or maintain a registered agent in this State, or whenever any such registered agent cannot with reasonable diligence be found at the registered office, or whenever the certificate of authority of a foreign corporation shall be revoked, then the Secretary of State shall be an agent of such corporation upon whom any such process, notice, or demand may be served."

From a study of the statutory law and case law, we have concluded the default judgment entered in this case cannot stand. In plaintiff's original petition, the only allegation as to how the citation should be served is that service could be had by serving the duly authorized agent. No names were given and no office holders listed. No allegation is made that a registered agent had or had not been named. Then in the sheriff's return the name C. T. Corporation System, appears with the words "Statutory Agent." It is noted that even though that name has the word "Corporation" in it, the sheriff's return does not show the name of the person to whom the papers were delivered. The certificate of the court reporter shows that no evidence was reported by her in this case. The default judgment entered contains no recitations or findings showing why service was had on C. T. Corporation System. There is no affirmative showing that C. T. Corporation System was in fact an agent for service for either of the foreign corporations named or the joint venture named. See White Motor Company v. Loden, 373 S.W.2d 863 (Tex.Civ.App.—Eastland, 1963, no writ); Firence Footwear Co. v. Campbell, 411 S.W.2d 636 (Tex.Civ.App.—Houston, 1967, error ref. n. r. e.); Bankers Life and Casualty Company v. Watson, 436 S.W.2d 404 (Tex.Civ. App.—Tyler, 1968, error ref. n. r. e.); Kay's Jewelers, Inc., v. Sikes Senter Corporation, 444 S.W.2d 219 (Tex.Civ.App.—Fort Worth, 1969, no writ); Texaco, Inc. v. McEwen, 356 S.W.2d 809 (Tex.Civ.App. —Dallas, 1962, error ref. n. r. e.).

For the error pointed out, the judgment of the trial court is reversed and the cause remanded for further proceedings in accordance herewith.

Reversed and remanded.