**EAGLE LIFE INSURANCE COMPANY,**
Appellant,

v.

**Audrey GEORGE et vir, Appellees.**

No. 7286.

Court of Civil Appeals of Texas,
Beaumont.

Nov. 11, 1971.

Rehearing Denied Dec. 2, 1971.

Green & Kaufman, San Antonio, for appellant.

R. E. McDaniel, Beaumont, for appellees.

DIES, Chief Justice.

Plaintiff below sued alleging defendant below to be "a resident of Bexar County, Texas." He further alleged that defendant issued to plaintiff "its policy of medical insurance or certificate of medical insurance No. 423941, dated October 15, 1969. Said policy is referred hereto and made a part hereof by reference." There is no allegation in the petition as to the type of company defendant below is, but since this case is a suit on an insurance policy for medical expenses, we can presume that it is a company authorized to write medical insurance. There is no allegation whether it is a "domestic" company or a "foreign" company.

On April 12, 1971, plaintiff obtained a default judgment providing as follows:

"This the 12th day of April, 1971, after 10 O'Clock A.M. on said date, the Plaintiff Audrey George appeared in person in this cause and with her attorney and Plaintiffs announced ready for trial and asked the Court to proceed with the trial of the case. The Court finds and holds that the defendant has been duly served in the form and manner and for the length of time required by law herein, and that the time for it to appear and file an answer herein has passed, and no answer has been filed or appearance made. The court finds that the citation with the officer's return thereon showing service on the defendant on March 22, 1971, has been on file with the Clerk of this court for more than 10 days prior to this date. The Court holds that it has jurisdiction of the parties and subject matter, and that the time for filing an answer by defendant has passed. No jury having been demanded by defendant, Plaintiffs moved the court to withdraw the case from the jury docket, which motion was granted by the court. The Court finding that all prerequisites of the law have been complied with, proceeded with the trial of the case on the facts as well as on the law.

"The Court having examined the Pleadings, and having heard the evidence, and finding that all of the allegations of the petition are supported by the evidence and are true, finds that the law and the facts are with the Plaintiffs and against the defendant.

"It is therefore ORDERED, ADJUDGED AND DECREED by the court that the Plaintiffs, Audrey George and J. B. George, do have and recover of and from the defendant, Eagle Life Insurance Company, the sum of $2,700.00, and all cost of court, for all of which let writ of execution issue.

"Rendered, signed and entered April 12, 1971."

On June 28, 1971, defendant filed a petition for writ of error in the trial court and the only contention it makes is that the citation shows on its face that the court lacked jurisdiction because the citation failed to reveal a proper person had been cited under applicable Texas law. We have no statement of facts.

The citation is addressed to "Eagle Life Insurance Company," and the return is as follows:

"Sheriff's Return

"Came to hand on March 20, 1971, at 10 o'clock A.M. and executed in Bexar County, Texas by delivering to each of the within named Eagle Life Insurance. Co. and by delivering to Mrs. E. Rozzelle the Agent for Service in person a true copy of this Citation, with the date of delivery endorsed thereon and the accompanying copy of Plaintiff's Original Petition at the following times and places, to-wit: DATE 3–22–71 TIME 2:15 P.M."

Rule 329b, Tex.Rules Civ.Proc., contains the following:

"Judgments shall become final after the expiration of thirty (30) days after the date of rendition of judgment or order overruling an original or amended

motion for new trial. After the expiration of thirty (30) days from the date the judgment is rendered or motion for new trial overruled, the judgment cannot be set aside except by bill of review for sufficient cause, filed within the time allowed by law."

Chief Justice Calvert, writing for the Supreme Court in McEwen v. Harrison, 162 Tex. 125, 345 S.W.2d 706, 709 (1961) points out that "to hold that it [the bill of review] is the *only* method" of vacating or reforming judgments after they become final "would, in some instances, lead to absurd results." [emphasis ours] The Court then established the following rules:

1. "If he [a defendant] is not served with citation and learns of the judgment within 30 days after its rendition, he may file a motion for new trial, which the court is at liberty to grant, and if his motion is overruled he may obtain relief by appeal."

2. "If he does not learn of the judgment within 30 days after its rendition but does learn of it within six months, and the invalidity of the judgment is disclosed by the papers on file in the case, he may obtain relief by prosecuting writ of error to a Court of Civil Appeals. Article 2255, V.A.T.S.; Flynt v. City of Kingsville, 125 Tex. 510, 82 S.W.2d 934."

3. "If the judgment is one which the court had jurisdictional power to render but it is invalid, he may obtain relief by bill of review as provided in Rule 329-b whether the invalidity is or is not disclosed by the papers on file in the case." [numbering ours]

And the Court further said:

"Only if a court had no jurisdictional power to render the judgment should a negligent defendant or one with no meritorious defense to the suit be able to relieve himself of the burdens and consequences of a default judgment."

Since this case is before us by writ of error, we must determine from the papers on file in the case whether the judgment is invalid or not.

Article 3.64, Tex.Ins.Code Ann. (1963), V.A.T.S., provides:

"Process in any civil suit against any 'domestic' company, may be served only on the president, or any active vice president, or secretary, or general counsel residing at the city of the home office of the company, or by leaving a copy of same at the home office of such company during business hours."

It is apparent upon examining the Sheriff's return that none of the methods permitted in this article were carried out here.

Article 3.65, Tex.Ins.Code Ann. (1963) provides:

"Each 'foreign company' engaged in doing or desiring to do business in this State shall file with the Board of Insurance Commissioners an irrevocable power of attorney, duly executed, constituting and appointing the Chairman of the Board and his successors in office, or any officer or board which may hereafter be clothed with the powers and duties now devolving upon said Chairman of the Board, its duly authorized agent and attorney in fact for the purpose of accepting service for it or being served with citation in any suit brought against it in any court of this State, by any person, or by or to or for the use of the State of Texas, and consenting that the service of any civil process upon him as its attorney for such purpose in any suit or proceeding shall be taken and held to be valid, waiving all claim and right to object to such service or to any error by reason of such service; * * *"

It is equally apparent that the Sheriff did not serve the Chairman of the Board of Insurance Commissioners. Anglo Mexicana de Seguros, S.A. v. Elizondo, 405 S.W.2d 722, 724 (Tex.Civ.App., Corpus Christi, 1966, error ref. n. r. e.). There, service on "Anglo Mexicana de Seguros,

S.A., by delivering to J. M. Nutt, Insurance Commissioner of State of Texas, as agent for service" was held not sufficient under the above article.

"Ordinarily presumptions are made in support of a judgment * * * but no such presumptions are made in a direct attack upon a default judgment." Kay's Jewelers, Inc. v. Sikes Senter Corporation, 444 S.W. 2d 219, 221 (Tex.Civ.App., Fort Worth, 1969, no writ), and authorities cited.

"In order to uphold a default judgment against attack based upon a claim of void service it is essential that the record affirmatively show a strict compliance with the provided mode of service." Kay's Jewelers, Inc. v. Sikes Senter Corporation, supra, p. 221, citing numerous authorities. See also, Ponca Wholesale Mercantile Company v. Alley, 378 S.W.2d 129 (Tex.Civ. App., Amarillo, 1964, error ref. n. r. e.); Investors Diversified Services, Inc. v. Bruner, 366 S.W.2d 810 (Tex.Civ.App., Houston, 1963, error ref. n. r. e.).

The judgment of the trial court is reversed and the cause remanded for a new trial.