**PRESIDENTIAL LIFE INSURANCE COMPANY, Appellant,**

v.

**Charles E. CROOKS, Appellee.**

**No. 8256.**

Court of Civil Appeals of Texas, Amarillo.

April 10, 1972.

Thompson, Coe, Cousins, Irons, & Porter, Robert B. Cousins, Jr., Larry L. Gollaher, Dallas, for appellant.

Joe Sharp, Plainview and Gibbins & Spivey, Bob Gibbins, Austin, for appellee.

ELLIS, Chief Justice.

This is a default judgment case. Defendant-appellant, Presidential Life Insurance Company (hereinafter referred to as Presidential), has sued out a writ of error to review a default judgment rendered against it and in favor of plaintiff-appellee, Charles E. Crooks. Reversed and remanded.

The facts of the case are, in the main part, undisputed. On June 30, 1971, appellee filed an action against Texas Citizens Life and Accident Insurance Company (hereinafter referred to as Texas Citizens) for certain indemnities alleged to be due appellee under a medical insurance policy issued to him by Texas Citizens. Appellee also prayed for attorney fees and penalties plus exemplary damages for fraud. Citation was issued naming Texas Citizens as defendant, but was returned unserved with the notation that Texas Citizens has moved to "Presidental (sic) Life Ins Co" and gave an address with the additional notation: "owner Leonard Hall." On July 19, 1971, a second citation was issued accompanied by the *same original* petition. The face of this citation is as follows:

"Charles E. Crooks
vs.
Texas Citizens Life and Accident Insurance Company"

The following notation was added in handwriting:

"To Leonard Hall owner
Presidental (sic) Life Ins Co.
5907 Sherry Ln
off Preston"

The return on this citation recites that service was had on July 21, 1971 upon "Presidental (sic) Life Insurance Company, by delivering to Mr. Leonard Hall, the owner."

Appellee, on August 23, 1971, the day the default judgment was entered, filed a trial amendment which states:

"NOW comes Charles E. Crooks, herein called Plaintiff, and files this his First Amended Original Petition prior to trial, and would respectfully show unto the Court as follows:

"This Plaintiff alleges that after filing the suit he received notice that the Defendant was put into receivership by the Insurance Department of the State of Texas, and that the Presidental (sic) Life Insurance Company of Dallas, Texas was selected by the receiver and the State Board of Insurance do (sic) assume and service all of the health and accident insurance policies previously serviced by Texas Citizens Life and Accident Insurance Company, Defendant, and this Plaintiff further alleges that he has had proper citation issued and served upon Mr. Leonard Hall, the owner of Presidental (sic) Life Insurance Company, and hereby makes them Party Defendant by these amended pleadings prior to trial."

The trial court allowed this amendment to be filed and proceeded to enter judgment against both "Texas Citizens Life and Accident Insurance Company and the Presidental (sic) Life Insurance Company." Also, it should be noted both the amendment filed by appellee and the default judgment rendered by the court named *"Presidental* Life Insurance Company" as defendant. Further, it should be expressly pointed out that there was no service of process subsequent to the amendment filed by appellee.

Appellant thereafter sued out a writ of error as authorized by Art. 2249a, Vernon's Annotated Texas Statutes, on October 21, 1971, assigning four points of error wherein appellant complains primarily that the trial court erred in entering a default judgment against appellant because the service of process was fatally defective, i. e., (1) the only citation served was accompanied by a petition which did not name appellant as defendant, (2) the only cita-

tion served was addressed to "Mr. Leonard Hall owner," (3) the amended petition failed to state a cause of action against appellant, and (4) the trial court deprived appellant of its property without due process of law.

▇▇ Appellant is before this court seeking review by way of writ of error which constitutes a direct attack upon the default judgment rendered against it and therefore we look only to the alleged error appearing on the face of the record. Texaco, Inc. v. McEwen, 356 S.W.2d 809 (Tex.Civ.App.—Dallas 1962, writ ref'd n.r.e.). There are certain well recognized requirements which must be met when dealing with service of process in order to insure proper notice and due process of the law for all parties who may be involved in a lawsuit. It is well settled that in order to uphold a default judgment against attack based upon an allegation of improper service of process, the record must affirmatively show a strict compliance with the appropriate manner and mode of service of process. Early v. Cornelius, 120 Tex. 335, 39 S.W.2d 6 (1931); Ponca Wholesale Mercantile Company v. Alley, 378 S.W.2d 129 (Tex.Civ.App.—Amarillo 1964, writ ref'd n.r.e.).

▇▇ Appellant in its first point of error states that the only citation served was accompanied by a petition which did not name appellant as defendant. An examination of the original petition filed by appellee in this case reveals that it does not name appellant as the defendant and thus any citation arising out of this petition alone would be improper and of no effect upon appellant. The second citation was also accompanied by the original petition of appellee. Appellee contends that through a trial amendment it properly made appellant a party to the suit and

therefore cured any possible defect in service. This contention is without merit. As stated in 46 Tex.Jur.2d § 10, Process and Notice, p. 333:

> "However, when no cause of action is set up by the original petition, the defendant is not required to take notice of it *and new process must issue on any amendments*. And when the original citation is void an amended petition can give it no validity." (emphasis added)

The original petition of appellee did not state a cause of action against Presidential because it was not a named defendant therein. Further, it is not within the province of an amendment never served to supply the absence of service. Southern Pacific Co. v. Block, 84 Tex. 21, 19 S.W. 300 (1892). Appellee's petition which accompanied both the first unserved and the second served citations named Texas Citizens as the defendant. McDonald v. Miller, 90 Tex. 309, 39 S.W. 89 (1897), states: "To make one having an interest in an action a party, the petition must make him a party; and, if he does not voluntarily appear, he must be cited. That he knows of the existence of the suit, and could have intervened, makes no difference. The right of intervention, which is allowed by our laws, is a privilege, and not a duty." We therefore hold that the requisites for service of process were not met under the facts of this case and sustain appellant's first point of error.

▇▇ Appellant, in point of error number two, contends that the citation served upon Leonard Hall was not proper service of process. Appellee argues in his brief that the statutory requirement for citing a domestic insurance corporation was properly followed, i.e., Art. 3.64, Texas Insurance Code annotated (1963),[1] V.A.T.S. A reading of the petition, citation and return

---

1. "Art. 3.64—Service of Process on Domestic Companies. Process in any civil suit against any 'domestic' company, may be served only on the president, or any active vice president, or secretary, or general counsel residing at the city of the home office of the company, or by leaving a copy of same at the home office of such company during business hours. Acts 1951, 52nd Leg., ch. 491."

thereon does not reveal that any president, vice president, secretary, or general counsel was served. The second citation was addressed to "Leonard Hall, the owner." The record contains no other information as to what capacity, if any, Leonard Hall served Presidential Life Insurance Company and therefore appellee did not meet the requisites under the first part of Art. 3.64, Tex.Ins. Code Ann. Eagle Life Ins. Co. v. George, 473 S.W.2d 311 (Tex.Civ.App.— Beaumont 1971, writ ref'd); Ponca Wholesale Mercantile Co. v. Alley, supra; Texaco, Inc. v. McEwen, supra. However, appellee further argues that in any event the requirements of Art. 3.64, Texas Ins. Code Ann., were met by leaving a copy of the citation at the home office of Presidential during business hours. An examination of the officer's return does not affirmatively show that citation was served at the *home office* of Presidential or that the citation itself was even directed to Presidential. It is well settled that an officer's return will not support a default judgment unless it shows the manner of service. Peoples Funeral Service, Inc. v. Mallard, 337 S.W.2d 476 (Tex.Civ.App.— San Antonio 1960, writ ref'd). It is also well established that no presumption will be indulged in to aid the officer's return in order to support a default judgment. Tullis v. Scott, 38 Tex. 538 (1873); Grapevine Trucking, Inc. v. Shepherd, 366 S.W.2d 950 (Tex.Civ.App.—Fort Worth 1963, writ ref'd n.r.e.); Hanover Modular Homes of Taft, Inc. v. Corpus Christi Bank & Trust, 476 S.W.2d 97 (Tex.Civ.App.—Corpus Christi 1972, n.w.h.). Therefore, the citation and officer's return are insufficient on their face to comply with the requirements of Art. 3.64, Tex.Ins. Code Ann. Eagle Life Ins. Co. v. George, supra. Appellant's point of error number two is sustained.

Even assuming, arguendo, that service of process upon Leonard Hall was proper, our discussion relative to appellant's first point of error, i.e., the fact that appellant was not named in the original petition which accompanied both citations, compels us to hold this attempted service on Presidential invalid. In view of our action in regard to appellant's first two points of error, we deem it unnecessary to rule upon appellant's remaining assignments of error. The default judgment is reversed and set aside and the cause is remanded for a trial on its merits.

Reversed and remanded.