[redacted]

**Raymond THOMPSON, d/b/a Retco Construction, Appellant,**

**v.**

**Karl VOLLMER, Appellee.**

**No. 01-89-00747-CV.**

Court of Appeals of Texas, Houston (1st Dist.).

Oct. 5, 1989.

[redacted]

Glenn J. Fahl, Lorance & Thompson, Houston, for appellant.

David W. Showalter, Pamela Prince Stines, Law Offices of David Showalter, Houston, for appellee.

[redacted]

Before SAM BASS, DUGGAN and HUGHES, JJ.

ORDER

PER CURIAM.

This case is before the Court by way of a petition for writ for error filed by Raymond Thompson, D/B/A Retco Construction ("Thompson") against Karl Vollmer ("Vollmer") seeking to set aside a default judgment entered against Thompson. Lewis S. Turner & Associates ("Turner"), co-defendant in the trial court, moves the Court to dismiss the writ of error for want of jurisdiction on the basis that Thompson did not name Turner as an adverse party in its petition for writ of error. Turner claims it is an adverse party, and therefore, Thompson's failure to name Turner in the writ deprives this Court of jurisdiction. Tex.R.App.P. 45(c).

> Rule 45 provides:
> The petition shall state the names and residences of the *parties* adversely interested, shall describe the judgment with sufficient certainty to identify it and shall state that the appellant desires to remove the same to the court of appeals for revision and correction.

Tex.R.App.P. 45(c) (emphasis added).

By two separate interlocutory judgments, the trial court found Thompson liable for Vollmer's injuries and assessed damages against Thompson. Vollmer's claims against Thompson were severed from those against Turner, and the trial court entered a final default judgment against Thompson. Vollmer then dismissed with prejudice his suit against Turner. No affirmative relief was sought by Turner against either Vollmer or Thompson.

A similar situation was presented in *Ponca Wholesale Mercantile Co. v. Alley*, 378 S.W.2d 129 (Tex.Civ.App.—Amarillo 1964, writ ref'd n.r.e.). In that case, Ponca sued Alley as principal and four others as sureties on Alley's fidelity bond. Two of the surety defendants filed a counterclaim against Ponca. Ponca later dismissed its claims against all defendants, but failed to answer the counterclaim. After Ponca's case was dismissed, the surety defendants took a default judgment on the counterclaim. Ponca filed a petition for writ of error attacking the default judgment. The petition did not name Alley or the other two surety defendants as adverse parties. Alley filed a motion to dismiss, claiming that because all defendants were not named as adverse parties, the court of appeals lacked jurisdiction.

The Amarillo court denied the motion to dismiss on the basis that no affirmative relief had ever been sought by Alley against Ponca. After Alley and the other defendants were dismissed, they were no longer parties to the suit. The court held that the defendants who had not asserted the counterclaim did not have an adverse interest that would be affected by the writ of error proceeding. *Ponca*, 378 S.W.2d at 131.

We agree with the reasoning in *Ponca*, and apply it here. Because Turner never asserted a claim against Thompson, and the cause of action against Thompson was severed, Turner is no longer a party to this cause of action. *Id.; see also Spur Independent School Dist. v. W.A. Holt Co.*, 74 S.W.2d 420, 421–22 (Tex.Civ.App.—Waco 1934, no writ.) (co-defendant not an adverse party to writ of error proceeding where no judgment was sought or obtained by either defendant against the other).

Turner's allegation that disturbing the judgment on appeal may cause Vollmer to file suit against it is without merit. Vollmer's cause of action against Turner was dismissed with prejudice, thereby precluding Vollmer from refiling the action or any part of it against Turner.

We find that Turner is not an adverse party to the writ of error proceedings. Accordingly, Turner's motion to dismiss is DENIED.