**COMMODORE COUNTY MUTUAL INSURANCE COMPANY,**
Appellant,

v.

**Martha TKACIK, Appellee.**

**No. 07-89-0284-CV.**

Court of Appeals of Texas,
Amarillo.

Feb. 6, 1991.

Rubinstein & Perry, June E. Higgins and Randolph N. Wisener, Dallas, for appellant.

C.R. Daffern, Amarillo, for appellee.

Before DODSON, BOYD and POFF, JJ.

POFF, Justice.

Commodore County Mutual Insurance Company (CCM) presents a writ of error appealing a default judgment entered in favor of Martha Tkacik. In thirteen (13) points of error CCM contends that the Trial Court never attained jurisdiction over CCM, and that the evidence was insufficient to support the verdict. We find that CCM did not receive effective service, and the Trial Court did not attain jurisdiction over CCM. However, CCM is presumed to have entered its appearance by suing out this writ of error. Therefore, we reverse the default judgment and remand the cause to the Trial Court for a trial on the merits.

The basis of Tkacik's suit was CCM's alleged breach of contract and breach of duty of good faith and fair dealing. Citation was issued on January 17, 1989 [1] which was executed on January 18. CCM filed no answer and made no appearance. The Trial Court heard the case on February 16, and on March 3, entered a default judgment against CCM in the amount of $107,-600.00 plus ten (10) percent postjudgment interest and costs. From this default judgment, CCM appeals by writ of error.

Initially, we note that CCM is entitled to bring this appeal by writ of error, and Tkacik does not challenge CCM's right to do so. See Tex.Civ.Prac. & Rem.Code Ann.

---

**1.** All dates refer to 1989 unless otherwise specif-

(Vernon 1986) Sections 51.012 and 51.013 and Tex Rules App.Proc. 45 and 45(b).

■ Since a writ of error is a direct attack upon the default judgment, the first question for consideration "is whether there is a lack of jurisdiction apparent on the face of the record which would vitiate the trial court's judgment." *McKanna v. Edgar*, 388 S.W.2d 927, 928 (Tex.1965). In determining the presence of jurisdictional facts, we are not allowed to indulge any presumptions of jurisdiction even if the judgment so recites, and such facts "must affirmatively appear on the face of the record." *Id.* at 929–930.

■ In conferring jurisdiction of the trial court over a defendant, the plaintiff is burdened with pleading sufficient facts to establish jurisdiction and with proving that the defendant was served in strict compliance with the methods prescribed by law. *See Uvalde Country Club v. Martin Linen Supply Company*, 690 S.W.2d 884, 885 (1985); *Flynt v. City of Kingsville*, 125 Tex. 510, 82 S.W.2d 934, 935 (1935) (service by delivery). *See also Capitol Brick, Inc. v. Fleming Manufacturing Co.*, 722 S.W.2d 399, 401 (Tex.1986, *on motion for rehearing*); *Whitney v. L & L Realty Corporation*, 500 S.W.2d 94, 95–97 (Tex. 1973) (substitute service). No judgment is to be rendered against a defendant who has neither been served, accepted or waived process, or appeared as prescribed by the rules of civil procedure, except as otherwise provided by law. Tex.R.Civ.P. 124.

To serve CCM with citation and a copy of the petition, Tkacik employed the use of Tex.Ins.Code Ann. art. 1.36(2)(a) (Vernon Supp.1989). This service of process statute reads as follows:

> ... a county mutual ... may be served with legal process, notice, or demand required or permitted by law by serving the president, any active vice president, secretary or attorney in fact at the home office or principal place of business of that carrier or by leaving a copy of the

---

ically noted.

process, notice, or demand at the home office or principal place of business office of the carrier during regular business hours. *Id.*

Tkacik's petition read as follows:

Defendant is an insurance company organized under the laws of the State of Texas, authorized to engage in the insurance business in Texas, having its principal place of business in Dallas County, Texas. Citation may be served on Defendant by serving its President at 1845 Woodall Rogers, Dallas, Texas, Dallas County [*sic*].

Tkacik's citation is addressed: "To Defendant: Commodore County Mutual Insurance Company, by serving its president at 1845 Woodall Rogers, Dallas, Texas, Dallas, [*sic*] County [*sic*]". The return of service stated that citation was executed in Dallas County by delivering it to CCM "by serving President Ms [*sic*] Coleman" (in officer's handwriting) in person.

In point of error one (1), CCM argues that the trial court lacked *in personam* jurisdiction because the record fails to show that the address stated in the petition and in the citation is CCM's home office or principal place of business. CCM urges that a fair reading of section 2(a) of Tex. Ins.Code Ann. article 1.36 (Vernon Supp. 1989) allows two methods that a plaintiff may obtain service on a defendant: First, the plaintiff may serve certain individuals (president, active vice-presidents, secretary or attorney in fact) at the home office or principal place of business; alternatively, the plaintiff may serve the defendant by leaving a copy of the process at the home office or the principal business office during regular business hours. *See* Tex.Ins. Code Ann. art. 1.36 section 2(a) (Vernon Supp.1989).

Tkacik argues that the statute should be construed to allow service upon the president, active vice presidents and the secretary at any place without specific reference to the insurance company's home office or principal place of business. Tkacik contends that a plaintiff need mention the home office or principal place of business only if service is had upon the attorney in

fact or if the service is left at the principal business office during regular business hours.

Resolution of this dispute requires us to interpret the service of process statute. We note that we are obliged to consider "the entire act, its nature and object, and the consequences that would follow from each construction." *Sayre v. Mullins,* 681 S.W.2d 25, 27 (Tex.1984) *citing Chisholm v. Bewley Mills,* 155 Tex. 400, 403, 287 S.W.2d 943, 945 (1956). In doing so, we must give full effect to all its terms looking only to the statute's language to find its intent. *Seay v. Hall,* 677 S.W.2d 19, 25 (Tex.1984).

Applying these rules to the statute in question, we find that the nature and object of the statute is to clarify and consolidate the procedure for effecting service upon insurance companies in order that they might have adequate notice of allegations made against them. Accepting Tkacik's interpretation of the statute would require us to imply that the statute provides for different methods of service on the specified individuals as to time, manner and place. We find nothing in the plain language of the statute to indicate that the legislature intended this result. "[W]hen the legislative intent can be gathered from a reasonable interpretation of the language of the statute, it is not permissible to resort to interpretation by implication." *Commonwealth of Massachusetts v. United North & South Development Co., et al,* 140 Tex. 417, 168 S.W.2d 226, 229 (1942). Thus, we find that Tkacik's interpretation is untenable because such a construction would require us to add to the statute through implication which we may not do. *Id.*

Under the facts in this case, we find Tex.Ins.Code Ann. art. 1.36 (Vernon Supp. 1989) required a plaintiff to produce a record which affirmatively shows on its face that the address at which service was had was either the home office or principal place of business of the defendant. *See Presidential Life Insurance Company v.*

*Crooks,* 479 S.W.2d 694, 697 (Tex.Civ.App. —Amarillo 1972, *no writ*).[2]

 We find that the record fails to affirmatively show that 1845 Woodall Rogers, Dallas, Texas was CCM's home office or the principal place of business. This is true even though: (1) the petition states that CCM's principal place of business is in Dallas County, Texas; (2) the petition states that CCM's president may be served at 1845 Woodall Rogers, Dallas, Texas, Dallas County [*sic* ]; (3) the insurance policy found in the record shows the same address for CCM; and (4) CCM's letter to Tkacik found in the record also shows the same address. This result is required because we are not allowed to presume that the address shown is, in fact, that of the *home* office or *principal* place of business. *See Humphrey Co., Inc. v. Lowry Water Wells,* 709 S.W.2d 310, 311–12 (Tex.App.-Houston [14th Dist.] 1986, *no writ* ); *Presidential Life Insurance Company, supra.*

This deficiency in the record is fatal, and we must sustain CCM's first point of error. Having sustained the lack of jurisdiction point of error, determination of CCM's remaining points of error are not essential to the final disposition of this appeal, and we express no opinion as to the merits of those points. Tex.R.App. 90(a).

Accordingly, the default judgment against CCM is reversed, and pursuant to Tex.R.Civ.P. 123, the cause is remanded to the Trial Court for a trial on the merits. *McKanna, supra* at 930.

---

**2.** The cited case applied a similar argument to Tex.Ins.Code Ann art. 3.64 which was repealed and recodified as the similarly-worded Tex.Ins. Code Ann. art. 1.36 (Vernon Supp.1989).