**COMMODORE COUNTY MUTUAL INSURANCE COMPANY,**
Appellant,

v.

**Martha TKACIK, Appellee.**

No. 07–89–0284–CV.

Court of Appeals of Texas,
Amarillo.

May 8, 1991.

Rehearing Overruled June 5, 1991.

Rubinstein & Perry, June E. Higgins, Randolph N. Wisener, Dallas, for appellant.

C.R. Daffern, Amarillo, for appellee.

Before DODSON, BOYD and POFF, JJ.

## ON MOTION FOR REHEARING

POFF, Justice.

Upon consideration of Tkacik's motion for rehearing, we submit the following only for the purpose of clarification of our earli-

er opinion, 802 S.W.2d 913. In so doing, we overrule the motion for rehearing, and we affirm our original judgment.

Tkacik sued Commodore County Mutual Insurance Company (CCM) for breach of contract and breach of the duty of good faith and fair dealing. After time for CCM to answer or appear expired, trial was had in which Tkacik was awarded a default judgment in the amount of $107,600.00 plus ten (10) percent postjudgment interest and costs. Pursuant to CCM's direct appeal by writ of error, we found that the Trial Court had not attained jurisdiction over CCM due to a lack of effective service. We held that Tkacik, as plaintiff, failed to produce a record, as required by Tex.Ins.Code Ann. art. 1.36 (Vernon Supp.1989), affirmatively showing on its face that the address at which service was had was either the home office or principal place of business of the defendant—CCM. 802 S.W.2d at 916.

■ Tkacik argues that the Trial Court did possess jurisdiction over CCM via effective service of process by either Tex.Ins. Code Ann. art. 1.36 or Tex.Bus.Corp.Act art. 2.11 (Vernon 1980). Additionally, Tkacik argues that the Texas Supreme Court's recent ruling in *Higginbotham v. General Life and Accident Insurance Company, et al.*, 796 S.W.2d 695 (Tex.1990), is controlling and requires a finding that the Trial Court possessed jurisdiction over CCM. We disagree.

First, we will address Tkacik's reliance, in her motion for rehearing, upon *Higginbotham, supra.* In our original opinion, we chose not to address *Higginbotham* due to the significant factual difference between Tkacik's record and the *Higginbotham* record. In the *Higginbotham* opinion, Justice Ray stressed that the holding was "restricted to situations in which there is a record (such as evidence at the hearing on motion for new trial) showing strict compliance with a valid method of service." *Higginbotham, supra* at 697. The Court in *Higginbotham*, just as we did in our original opinion, adheres to the rule that "failure to affirmatively show strict compliance with the Rules of Civil Procedure renders the attempted service of process invalid and of no effect." *Id.* The *Higginbotham* Court merely found that under the *Higginbotham* facts, the record affirmatively demonstrated a proper form of service.

In *Higginbotham, supra*, at the hearing on the defendant's motions for new trial, the Trial Court expressly found that a Ms. Brown was not, as alleged in the return of service, the registered agent of the defendants. Therefore, the service of process did not comply with the first method of service as provided in the repealed precursor to Tex.Ins.Code Ann. art. 1.36— Tex.Ins.Code Ann. art. 3.64 (Vernon 1981). However, the Trial Court expressly found proper service by relying upon the second method of service provided by the statute —"by leaving a copy of same at the home office of such company during business hours." *Higginbotham, supra* at 696. Due to this express finding by the Trial Court and the other facts affirmatively shown in the record, the Supreme Court found "the record was sufficient to show valid service." *Id.* at 697.

Tkacik's record consists of her petition which affirmatively shows that CCM's principal place of business is in Dallas County, Texas and that its president can be served at 1845 Woodall Rogers, Dallas, Texas. Likewise, the citation and return of service indicate service was had on the president at that address. Also found in the record are the insurance policy and a letter from CCM which show 1845 Woodall Rogers, Dallas, Texas to be a proper address of the defendant. While it is logical that the office of the company's president would be located at CCM's home office or principal place of business, we may not presume the logical to be true for the purposes of finding jurisdiction on the face of the record. *McKanna v. Edgar*, 388 S.W.2d 927, 929–30 (Tex. 1965). A business address is not necessarily a home office. As a result, we had no choice but to find the instant record to be fatally deficient. If the instant record were similar to that found in *Higginbotham*, we would have no difficulty in finding that CCM also obtained effec-

tive service, but it is not. Consequently, *Higginbotham, supra,* is not controlling in the instant case.

Tkacik further relies upon *Higginbotham* in attempting to satisfy the effective service requirements. Tkacik argues that she was entitled to effect service upon CCM by complying with Tex.Bus. Corp.Act art. 2.11(A). This service provision reads as follows:

> The president and all vice presidents of the corporation and the registered agent of the corporation shall be agents of such corporation upon whom any process, notice, or demand required or permitted by law to be served upon the corporation may be served.

Tkacik's desired reliance on this provision is due to the absence in Tex.Bus.Corp.Act art. 2.11(A) of a method of service requirement, *i.e. place—home office, etc.* While we agree that the record affirmatively shows that Tkacik's attempted service, if otherwise valid, would satisfy Tex.Bus. Corp.Act art. 2.11(A), we still hold that effective service of process upon CCM is limited to proper service pursuant to Tex. Ins.Code Ann. art. 1.36. *But see, Higginbotham, supra* at 698 (Phillips, C.J. dissenting) (insurance companies amenable to service of process under both Tex.Bus. Corp.Act art. 2.11(A) and Tex.Ins.Code Ann. art. 3.64 (presently art. 1.36).

We respectfully disagree with the Chief Justice based upon § 11 of the Act of April 21, 1987, 70th Leg., R.S., 1987 Tex.Gen. Laws 79 which states:

> This Act and the powers and functions authorized by this Act are to be exercised to the end that its purposes be accomplished. If there is a conflict between this Act and any other law relating to the subject matter of this Act or its application, this Act controls. *See also*, Historical and Statutory Notes, Tex.Ins.Code Ann. art. 1.36 (Vernon Supp.1991).

Since it is clear that the purpose of the Act is to clarify and consolidate the relevant service procedures,[1] those powers and functions should be enforced in a manner to accomplish that purpose. Additionally, the provision lucidly commands that the directives of Tex.Ins.Code Ann. art. 1.36 are to control over any other service of process statutes. *Id.* Therefore, the home office portion of the statute must be given effect.

■ Furthermore, we are obliged to apply the settled maxim that recently-passed, more specific statutes control over earlier and more general acts. *See generally, State v. Easley,* 404 S.W.2d 296, 299–300 (Tex.1966); *Texas State Board of Pharmacy v. Kittman,* 550 S.W.2d 104, 106–07 (Tex.Civ.App.—Tyler 1977, *no writ*); *Commercial Standard Fire & Marine Co. v. Commissioner of Insurance, et al.,* 429 S.W.2d 930, 933 (Tex.Civ.App.—Austin 1968, *no writ*). Therefore, we find it necessary to defer to the Tex.Ins.Code Ann. art. 1.36 which specifically controls service of process on insurance companies over the earlier general corporate service statute— Tex.Bus.Corp.Act art. 2.11(A).

Since the controlling Tex.Ins.Code Ann. art. 1.36 requires designation of the location of service upon either of the specified individuals, Tkacik's attempted service was deficient because the record fails to affirmatively show that CCM's president was served at its home office or principal place of business. Consequently, the Trial Court lacked jurisdiction to render judgment against CCM. Thus, we adhere to our prior opinion and judgment in the cause, and we overrule Tkacik's motion for rehearing.

---

**1.** *See* Act of April 21, 1987, § 1, *supra. See also,* · Historical and Statutory Notes, Texas Ins.Code Ann. art 1.36, *supra.*