Lowell DUNN, Sr., Lowell Dunn, II, and Betwell Oil & Gas Co., Appellants,

v.

CANADIAN OIL & GAS SERVICES, INC., Dunn Equities, Inc., and C.E. Dunn, Appellees.

No. 08–93–00360–CV.

Court of Appeals of Texas, El Paso.

Oct. 20, 1995.

---

Vincent L. Marable, III, Paul Webb, P.C., Wharton, Brad Miller, Harper Estes, Lynch, Chappell & Alsup, Midland, Luther Soules,

was properly before the Board for consideration at the good character and fitness hearing.

**324**

III, Soules & Wallace, San Antonio, for appellants.

G. Bert Smith, Jr., Law Offices of G. Bert Smith, Inc., Andrews, Raymond E. White, Kemp, Smith, Duncan & Thurmond, El Paso, for appellees.

Before LARSEN, McCLURE and CHEW, JJ.

### OPINION ON JOINT MOTION TO REVERSE JUDGMENT AND REMAND CASE

PER CURIAM.

We withdraw our opinion of October 18, 1995 and substitute the following in its place.

The Court has considered the parties' joint agreed motion to reverse judgment and remand case to the trial court. It appears to the Court that the parties have agreed to settle this dispute, and such agreement includes further action by the trial court in releasing certain funds held in the registry of the Court, releasing and discharging the supersedeas bond filed by the Appellant Lowell Dunn, Sr., and dismissing the suit with prejudice to the rights of any party to refile same against any other party. In order that the trial court shall be accorded jurisdiction to accomplish these matters and effectuate the settlement agreement of the parties, Appellants and Appellees have jointly requested the Court to reverse the June 3, 1993 Judgment and remand the case to the 109th Judicial District Court of Andrews County, Texas. This Court may enter orders pursuant to TEX.R.APP.P. 59(a)(1) (authorizing the Court to dispose of an appeal in accordance with an agreement of the parties), TEX.R.APP.P. 59(a)(2) (authorizing the court upon motion by appellant to affirm the judgment or dismiss the appeal with the judgment remaining intact), or TEX.R.APP.P. 80(b) (authorizing the Court to affirm, correct or reform, reverse and render, or reverse and remand the judgment).

We recognize the dilemma posed by the current rules and the difficulty encountered by parties desiring to settle their dispute during the pendency of the appeal. *See Panterra Corporation v. American Dairy Queen,* 908 S.W.2d 300 (Tex.App.—San Antonio, 1995, n.w.h.). We also recognize that public policy favors settlements, *Elbaor v. Smith,* 845 S.W.2d 240, 250 (Tex.1992) and the efficient administration of justice, TEX.R.CIV.P. 1. We applaud Justice Duncan's dissent in *Panterra Corporation.*

Pursuant to TEX.R.APP.P. 59(a)(1)(A) and 80(b), we reverse and remand this cause to the trial court to effectuate the settlement of the parties.