2) Caption, civil cases



COURT OF APPEALS

EIGHTH DISTRICT OF TEXAS

EL PASO, TEXAS



ISO NABHAN,


 Appellant,


v.


THE ESTATE OF EVA LUJAN
NABHAN,


 Appellee.
§


 


§


 


§


 


§


 


§


 


 § 


No. 08-02-00238-CV



Appeal from the


Probate Court


of El Paso County, Texas 


(TC# 2000-P00238)



MEMORANDUM OPINION

 Iso Nabhan, appellant, and Dolores Ortega, Lorraine Ybarra, and Fred Olivas, Jr.,
as executors of the Estate of Eva Lujan Nabhan, appellees, have filed a joint motion
asking the Court to reverse the judgment of the trial court and remand the case for entry
of judgment in accordance with their agreement. We grant the parties' motion.

 This Court has authority to dispose of the appeal on a joint motion by the parties
pursuant to Texas Rules of Appellate Procedure 42.1(a)(2), which states as follows:

 (a) On Motion or By Agreement. The appellate court may dispose of an
appeal as follows:


. . .


 (2) By Agreement. In accordance with an agreement
signed by the parties or their attorneys and filed with
the clerk, the court may:


 (A) render judgment effectuating the parties' agreements;


 (B) set aside the trial court's judgment without regard to
the merits and remand the case to the trial court for
rendition of judgment in accordance with the
agreements; or


 (C) abate the appeal and permit proceedings in the trial
court to effectuate the agreement.


Tex. R. App. P. 42.1(a)(2). The parties have complied with the requirements of Rule
42.1(a)(2), and shall be granted the requested relief pursuant to Rule 42.1(a)(2)(A).

 The specific actions requested of this Court by the parties are granted to this Court
under Texas Rules of Appellate Procedure 43.2, which allows in pertinent part, for the
Court of Appeals to do the following:

 (d) reverse the trial court's judgment and remand the case for further
proceedings;


Tex. R. App. P. 43.2(d). The Court has considered this cause on the joint motion and
concludes the motion should be granted. The action of this Court is in line with our
decision in Dunn v. Canadian Oil & Gas Services, Inc., 908 S.W.2d 323 (Tex. App.--El
Paso 1995, no writ). We therefore reverse the judgment of the trial court without 

reaching the merits of this case and remand this cause to the trial court to effectuate the
settlement of the parties.


 SUSAN LARSEN, Justice

March 6, 2003


Before Panel No. 1

Larsen, McClure, and Chew, JJ.