NO. 07-03-0115-CV



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL A



JULY 16, 2003



______________________________




TIG INSURANCE COMPANY, APPELLANT



V.



LLEBROC INDUSTRIES, INC., APPELLEE




_________________________________



FROM THE 72
ND DISTRICT COURT OF LUBBOCK COUNTY;



NO. 2002-517,025A; HONORABLE J. BLAIR CHERRY, JR., JUDGE



_______________________________



MEMORANDUM OPINION ON JOINT MOTION


TO REVERSE JUDGMENT AND REMAND CASE




Before JOHNSON, C.J., and REAVIS and CAMPBELL, JJ.

 By this restricted appeal pursuant to the provisions of Rule 30 of the Texas Rules of
Appellate Procedure, appellant TIG Insurance Company caused the record to be filed and
timely filed its brief requesting that we reverse the default judgment that appellee Llebroc
Industries, L.L.C. recover $110,160, plus interest and attorney's fees from and of TIG. Llebroc
has not filed a brief in response; instead, it joins TIG in a motion requesting that we reverse the
default judgment and remand the case to the trial court for a new trial.

 By their joint motion, the parties stipulate (1) TIG is a foreign insurer with authority to
transact business in Texas; (2) TIG did not participate in the hearing that resulted in the default
judgment nor otherwise file a post-judgment motion or request for findings of fact and
conclusions of law, but first appeared by filing its notice of appeal; (3) TIG timely filed its
restricted appeal; and (4) the process server did not serve the registered agent or the
Commissioner of Insurance. Citing Commodore Cty. Mut. Ins. Co. v. Tkacik, 802 S.W.2d 913
(Tex.App.--Amarillo 1991), clarified on reh'g, 809 S.W.2d 630 (Tex.App.--Amarillo 1991, writ
denied), the parties agree the default judgment signed November 22, 2002, should be reversed
and the cause remanded based on the stipulated facts and Rule 30.

 This Court has the authority to render the relief requested pursuant to Rule 43.2(d) of
the Texas Rules of Appellate Procedure. See also Dunn v. Canadian Oil & Gas Services, Inc.,
908 S.W.2d 323, 324 (Tex.App.--El Paso 1995, no writ). By their motion, the parties implicitly
waive oral argument and agree the default judgment should be reversed and the proceeding
remanded to the trial court. Accordingly, pursuant to the joint motion, the stipulations, and Rule
43.2(d), we reverse the default judgment and remand the cause to the trial court for further
proceedings. See also Tex. R. App. P. 2. Having granted the relief requested by the parties,
no motion for rehearing will be entertained and our mandate will issue forthwith.

 Per Curiam



 appeal. Tex. R.
App. P. 25.2(a). (2) The notice of appeal must be filed within 30 days after the day sentence
is imposed unless a timely motion for new trial is filed. TRAP 26.2(a). The time for filing
a notice of appeal may be extended for 15 days under certain circumstances. TRAP 26.3. 
If the time for filing a notice of appeal is to be extended, both a notice of appeal and a
motion for extension of time which complies with TRAP 10.5(b) must be filed within the 15
day period. TRAP 26.3; Olivo v. State, 918 S.W.2d 519, 523-25 (Tex.Crim.App. 1996). 
 An untimely-filed notice of appeal will not invoke the jurisdiction of the court of
appeals. See State v. Riewe, 13 S.W.3d 408, 411 (Tex.Crim.App. 2000). Thus, if an
appeal is not timely perfected, a court of appeals does not have jurisdiction to address the
merits of the appeal, and can take no action other than to dismiss the appeal. Slaton v.
State, 981 S.W.2d 208, 210 (Tex.Crim.App. 1998); Olivo, 918 S.W.2d at 523-25.

 To perfect appeal from a judgment which was rendered on the defendant's plea of
guilty or nolo contendere, and in which the punishment assessed did not exceed the
punishment recommended by the prosecutor and agreed to by the defendant, the notice
of appeal must (a) specify that the appeal is for a jurisdictional defect; (b) specify that the
substance of the appeal was raised by written motion and ruled on before trial; or (c) state
that the trial court granted permission to appeal. If appeal as to an issue or matter is
properly perfected as to form, a court must examine the record underlying the notice of
appeal to determine if jurisdiction substantively exists as to the issue or matter in question. 
Sherman v. State, 12 S.W.3d 489, 492 (Tex.App.--Dallas 1999, no pet.). Dismissal of an
issue or the entire matter is appropriate unless both (1) the form of the notice of appeal is
proper to perfect appeal as to the issue or matter, see Lyon v. State, 872 S.W.2d 732, 736-37 (Tex.Crim.App. 1994), and (2) the alleged jurisdiction is supported by the record. See
Sherman, 12 S.W.3d at 492. In other words, if TRAP 25.2(b)(3) is applicable, then for an
appellate court to have its jurisdiction invoked over a matter, compliance with TRAP
25.2(b)(3) is required as to both form and substance. Id. 

 In the matter before us, appellant did not file his Notice of Appeal or a motion for
new trial within 30 days of imposition of sentence. Unless we grant the Motion to Extend
Time, appellant has not invoked our jurisdiction, and we must dismiss the appeal for lack
of jurisdiction. See Slaton, 981 S.W.2d at 210. 

 The Notice may have been filed within the time allowed pursuant to TRAP 26.3,
although it was not file-marked by the district clerk until after expiration of the possible 15-day extension of time allowed by TRAP 26.3. The Motion to Extend Time for Filing Notice
of Appeal was timely filed, according to the file mark from the 14th Court of Appeals. 

 If we grant appellant's Motion to Extend Time, the form of appellant's Notice of
Appeal must be examined for compliance with TRAP 25.2(b)(3), and the record must be
examined for substantive compliance with TRAP 25.2(b)(3). See Sherman, 12 S.W.3d at
492. And, having examined the record for substantive compliance with TRAP 25.2(b)(3),
we find that the record does not support compliance with that rule so as to invoke our
appellate jurisdiction: the trial court did not give permission for appellant to appeal; there
are no pre-trial motions which were overruled; and jurisdiction was properly vested in the
trial court by presentation of an indictment. See Tex. Const. art. 5, § 12; Ex parte Long,
910 S.W.2d 485, 486 (Tex.Crim.App. 1995). 

 Thus, it is immaterial to the appeal whether appellant's Notice was filed within the
15-day extension time period allowed by TRAP 26.3 and, if so, whether we grant
appellant's Motion to Extend Time to File Notice of Appeal, or whether we deny the Motion. 
Either way, appellant has not invoked our jurisdiction and we must dismiss the appeal. 
Accordingly, we deny appellant's Motion to Extend Time to File Notice of Appeal. The
appeal is dismissed for lack of jurisdiction. See Slaton, 981 S.W.2d at 210.


 Because we have no jurisdiction over the appeal except to dismiss it, see id., we
cannot and do not consider appellate counsel's Motion to Withdraw. 

 

 Phil Johnson

 Justice



Do not publish.

1. The appeal was transferred from the 14th Court of Appeals to the 7th Court of
Appeals in Amarillo by order of the Texas Supreme Court. 
2. Further reference to a Texas Rule of Appellate Procedure will be by "TRAP_."