NO. 07-03-0115-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

JULY 16, 2003

_____

TIG INSURANCE COMPANY, APPELLANT

V.

LLEBROC INDUSTRIES, INC., APPELLEE

_____

FROM THE 72ND DISTRICT COURT OF LUBBOCK COUNTY;

NO. 2002-517,025A; HONORABLE J. BLAIR CHERRY, JR., JUDGE

_____

**MEMORANDUM OPINION ON JOINT MOTION
TO REVERSE JUDGMENT AND REMAND CASE**

Before JOHNSON, C.J., and REAVIS and CAMPBELL, JJ.

By this restricted appeal pursuant to the provisions of Rule 30 of the Texas Rules of Appellate Procedure, appellant TIG Insurance Company caused the record to be filed and timely filed its brief requesting that we reverse the default judgment that appellee Llebroc Industries, L.L.C. recover $110,160, plus interest and attorney's fees from and of TIG. Llebroc

has not filed a brief in response; instead, it joins TIG in a motion requesting that we reverse the default judgment and remand the case to the trial court for a new trial.

By their joint motion, the parties stipulate (1) TIG is a foreign insurer with authority to transact business in Texas; (2) TIG did not participate in the hearing that resulted in the default judgment nor otherwise file a post-judgment motion or request for findings of fact and conclusions of law, but first appeared by filing its notice of appeal; (3) TIG timely filed its restricted appeal; and (4) the process server did not serve the registered agent or the Commissioner of Insurance. Citing Commodore Cty. Mut. Ins. Co. v. Tkacik, 802 S.W.2d 913 (Tex.App.--Amarillo 1991), *clarified on reh'g*, 809 S.W.2d 630 (Tex.App.--Amarillo 1991, writ denied), the parties agree the default judgment signed November 22, 2002, should be reversed and the cause remanded based on the stipulated facts and Rule 30.

This Court has the authority to render the relief requested pursuant to Rule 43.2(d) of the Texas Rules of Appellate Procedure. *See also* Dunn v. Canadian Oil & Gas Services, Inc., 908 S.W.2d 323, 324 (Tex.App.--El Paso 1995, no writ). By their motion, the parties implicitly waive oral argument and agree the default judgment should be reversed and the proceeding remanded to the trial court. Accordingly, pursuant to the joint motion, the stipulations, and Rule 43.2(d), we reverse the default judgment and remand the cause to the trial court for further proceedings. *See also* Tex. R. App. P. 2. Having granted the relief requested by the parties, no motion for rehearing will be entertained and our mandate will issue forthwith.

Per Curiam

2