NO. 07-03-0169-CV



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL C



SEPTEMBER 22, 2003


______________________________



RICHARD CARR
,




 Appellant


v.



LUBBOCK-COOPER INDEPENDENT SCHOOL DISTRICT, ET AL., 




 Appellees

_________________________________



FROM THE 140TH DISTRICT COURT OF LUBBOCK COUNTY;



NO. 95-731,710; HON. MACKEY K. HANCOCK, PRESIDING


_______________________________



Before JOHNSON, C.J., and QUINN and REAVIS, JJ.

 Richard Carr, appellant, filed a joint motion to reverse judgment pursuant to a
settlement agreement. So too does he ask that we remand the cause to the trial court for
"entry of the First Amended Final Judgment." For the reasons specified in the motion, we
grant same. See Dunn v. Canadian Oil & Gas Services, Inc., 908 S.W.2d 323
(Tex.App.--El Paso 1995, no pet.). Without passing on the merits of the appeal, we
reverse the judgment and remand the cause to the trial court to effectuate the settlement
agreement of the partes. See id. Having reversed the judgment and remanded the cause
to the trial court at the request of the parties, no motion for rehearing will be entertained
and our mandate shall issue forthwith. 

 Brian Quinn 

 Justice 

 

































 



e novo to determine whether a party's right
to prevail is established as a matter of law. Tex. R. Civ. P. 166a(c); Cathey v. Booth, 900
S.W.2d 339, 341 (Tex. 1995). We take as true all evidence favorable to the non-movant,
and indulge every reasonable inference and resolve any doubt in the non-movant's favor.
Nixon v. Mr. Property Management Co., 690 S.W.2d 546, 548-49 (Tex. 1985). To obtain
summary judgment in its favor, a plaintiff must conclusively prove its entitlement to prevail
on each element of its cause of action as a matter of law. Thompson v. Chrysler First
Business Credit Corp., 840 S.W.2d 25, 28 (Tex.App.-Dallas 1992, no writ).

 A motion for summary judgment must expressly present the grounds on which it is
made and must stand or fall on these grounds alone. Science Spectrum, Inc. v. Martinez,
941 S.W.2d 910, 912 (Tex. 1997). When, as here, a trial court's order granting summary
judgment does not specify the grounds relied upon, the reviewing court must affirm
summary judgment if any of the summary judgment grounds are meritorious. FM
Properties Operating Co. v. City of Austin, 22 S.W.3d 868, 872-73 (Tex. 2000); Star-Telegram, Inc. v. Doe, 915 S.W.2d 471, 473 (Tex. 1995). 

Summary Judgment Evidence

 Wynne begins her challenge to the summary judgment by contending Gilbert's
affidavit is substantively defective because it is conclusory. (2) She bases that contention on
an argument the affidavit does not demonstrate it is based on Gilbert's personal
knowledge. (3) The affidavit states that Gilbert is an account representative of Citicorp Credit
Services, Inc. (USA), a "servicer" for Citibank, that she is one of the custodians of records
for Citibank, and her duties include having custody and control of records relating to
Wynne's accounts. Texas courts have found similar affidavit testimony by other Citibank
"servicer" personnel adequate to establish the affiant's personal knowledge for the purpose
of authentication of the attached records. See Jones v. Citibank (South Dakota), N.A., 235
S.W.3d 333, 337 (Tex.App.-Fort Worth 2007, no pet.); Hay v. Citibank (South Dakota)
N.A., No. 14-04-01131-CV, 2006 WL 2620089, *3 (Tex.App.-Houston [14th Dist.], Sept. 14,
2006, no pet.) (mem. op.). We find Gilbert's affidavit adequate for the purpose here. 
Duran v. Citibank (South Dakota), N.A., No. 01-06-00636-CV, 2008 WL 746532
(Tex.App.-Houston [1st Dist.], March 20, 2008, no pet. h.) (mem. op.).

 Wynne also argues Gilbert's affidavit fails to comply with the requirements of Rule
of Evidence 803(6). We find no merit in the argument. As noted, Gilbert's affidavit states
she is one of the custodians of the records presented. The affidavit is substantially in the
form set forth in Rule of Evidence 902(10)(b). Tex. R. Evid. 803(6); 902(10). 

 Wynne further contends some of the billing statements appended to Gilbert's
affidavit are not proper summary judgment evidence. She first points to the statement in
Gilbert's affidavit that the attachments "are true and correct copies of duplicate monthly
statements sent to Defendant for the Account over the relevant time period." Wynne
questions why the affidavit refers to duplicate statements rather than "true and correct
copies of the original statements." Wynne also points to dates that appear near the upper
right corner of the statements appended to the affidavit. In some instances, those dates
are well after the statement closing date that also appears on the statement. (4) The dates
also are after the date of Gilbert's affidavit, which, according to its jurat, she signed on
November 4, 2004. Wynne further points out that three of the statements appended to the
affidavit (5) are dated after the date of Gilbert's affidavit and thus cannot have existed at the
time she executed the affidavit. As Wynne's brief states, one explanation for the
differences in dates appearing on the statements is that Citibank printed them from
electronic records for attachment to the affidavit, and that the dates appearing in the upper
right corner are the dates of their printing. She asserts that another reasonable conclusion
is that Gilbert, contrary to her affidavit statement, had no personal knowledge regarding the
billing statements attached to her affidavit. Wynne couches these assertions as challenges
to the substance of Gilbert's affidavit. We find they assert defects in the form of the
attachments. Mathis, 982 S.W.2d at 60.

 Wynne makes a similar attack on the card agreements appended to Gilbert's
affidavit. She points to the copyright date of 2003 appearing on the card agreements and
questions how they can provide evidence of credit card accounts whose statements begin
in 1996. These also are assertions of defects in the form of Citibank's affidavit
attachments. Id. Because they were not raised in the trial court, they cannot serve as
grounds for reversal of the summary judgment. Thompson v. Curtis, 127 S.W.3d 446, 450
(Tex.App.-Dallas 2004, no pet.); Mathis, 982 S.W.2d at 58-59. Gilbert's affidavit and its
attachments were properly considered by the trial court. (6)

Breach of Contract

 We agree with Wynne that Citibank's motion for summary judgment was grounded
only on its breach of contract claim. The judgment thus must stand or fall on that ground
alone. Science Spectrum, 941 S.W.2d at 912. Wynne argues the summary judgment
evidence does not conclusively establish Citibank's entitlement to judgment on its breach
of contract claim. In support, she contends the evidence of the existence of a valid
contract is lacking. See Hussong v. Schwan's Sales Enterprises, Inc., 896 S.W.2d 320,
326 (Tex.App.-Houston [1st Dist.] 1995, no writ) (listing elements of breach of contract
action to include the existence of a valid contract). Citibank's summary judgment evidence
is, in all material respects, like that Texas courts have found sufficient to establish a valid
contract in other credit card cases. See Duran v. Citibank (South Dakota), N.A., No. 01-06-00636-CV, 2008 WL 746532 (Tex.App.-Houston [1st Dist.], March 20, 2008, no pet. h.)
(mem. op.); Hinojosa v. Citibank (South Dakota), N.A., No. 05-07-00059-CV, 2008 WL
570601 (Tex.App.-Dallas, March 4, 2008, no pet. h.) (mem. op.); Jones v. Citibank (South
Dakota), N.A., 235 S.W.3d 333, 337 (Tex.App.-Fort Worth 2007, no pet.); Hay v. Citibank
(South Dakota) N.A., No. 14-04-01131-CV, 2006 WL 2620089, *3 (Tex.App.-Houston [14th
Dist.], Sept. 14, 2006, no pet.) (mem. op.) (finding conclusive evidence of contract under
South Dakota, federal and Texas law). The billing statements establish Wynne's
acceptance and use of the Citibank credit card. 

 We do not find the 2003 copyright dates on the Citibank card agreements attached
to Gilbert's affidavit fatal to its summary judgment motion. The affidavit says that the card
agreements attached are true and correct copies of the "written contract entered into by
[Wynne] for use of the [a]ccount[s]." Indulging in Wynne's favor every reasonable
inference raised by the summary judgment evidence, her contentions do not demonstrate
how the 2003 date raises a material issue of fact, in light of the undisputed information
contained in the billing statements. 

 Wynne finally presents an argument based on Tully v. Citibank (South Dakota),
N.A., 173 S.W.3d 212 (Tex.App.-Texarkana 2005, no pet.), in which the court found
Citibank had not conclusively established the amount due under the breached credit card
agreement because its summary judgment evidence did not prove Tully had agreed to the
interest rate used in the bank's calculations. The court in Hinojosa rejected a similar
argument, and we reject it here for the same reason. See Hinojosa, 2008 WL 570601.
Like the card agreement in Hinojosa, the card agreement here states the annual
percentage rate in effect will appear on the monthly billing statements, and the billing
statements are in the record. Id. 

 We conclude that Citibank met its burden to establish the existence of a valid
contract as a matter of law and accordingly, the trial court did not err in granting summary
judgment in Citibank's favor.

Summary Judgment on Attorney's Fees

 As noted, Wynne filed a response to Citibank's initial motion for summary judgment,
controverting the reasonableness and necessity of its claimed $7883.54 in attorney's fees. 
Citibank later filed an affidavit of Allen Adkins, its attorney, dated June 1, 2005, and stating
reasonable attorney's fees in the case totaled $915. It then filed a motion for summary
judgment on attorney's fees, giving notice of hearing on the motion for December 15, 2005. 
Wynne filed a response to the motion, pointing out Adkins's affidavit conditioned its
assertion of the truth of its statements on "the best of [affiant's] knowledge and belief." (7) 
Wynne's response asserted such an affidavit is no evidence, and asked that Citibank's
motion be denied. On the day of the hearing, December 15, Citibank filed an amended
affidavit, the contents of which are substantively identical to the June affidavit but omitted
the "best of knowledge and belief" statement. 

 Wynne contends on appeal the trial court erred by granting Citibank summary
judgment for $915 in attorney's fees. We will overrule the contention.

 Wynne is correct that Adkins's June 1 affidavit was defective. The defect, however,
was one of form, not substance. As Wynne's objection at trial and her brief on appeal
point out, the defect caused by the improper inclusion of the "best of knowledge and belief"
statement in the June 1 affidavit closely resembles that in International Turbine Serv., Inc.
v. Lovitt, 881 S.W.2d 805, 808 (Tex.App.-Fort Worth 1994, writ denied), in which the court
found defective an affidavit by counsel based on best knowledge. But the court also found
that the right to complain of the defect on appeal was subject to waiver. Id. Wynne filed
an objection in the trial court to Adkins's June 1 affidavit, but the record does not reflect a
ruling on the objection. Cf. Martinez v. IBP, Inc., 961 S.W.2d 678, 685 (Tex.App.-Amarillo
1998, pet. denied) (trial court overruled objection to summary judgment affidavit). 
Accordingly, no objection to the trial court's reliance on Adkins's June 1 affidavit may be
asserted now. (8) McConnell v. Southside Indep. Sch. Dist., 858 S.W.2d 337, 343 n.7 (Tex.
1993); Youngblood v. U.S. Silica Co., 130 S.W.3d 461, 468-69 (Tex.App.-Texarkana
2004, pet. denied). The trial court did not err by granting summary judgment on attorney's
fees. 


 Concluding the trial court did not err by its grant of summary judgment, we overrule
Wynne's issue and affirm the judgment.




 James T. Campbell

 Justice



 

1. In Malooley Bros, Inc. v. Napier, 461 S.W.2d 119 (Tex. 1970), the Supreme Court
concluded that a point of error stating generally that the trial court erred by granting
summary judgment authorizes review of all possible grounds of trial court error in granting
the summary judgment.
2. Although defects of form must be raised in the trial court, substantive defects in
summary judgment evidence may be asserted for the first time on appeal. Mathis v.
Bocell, 982 S.W.2d 52, 58-59 (Tex.App.-Houston [1st Dist.] 1998, no pet.). Challenges to
summary judgment affidavits as conclusory allege a defect in substance. Tex. R. Civ. P.
166a(f); Nichols v. Lightle, 153 S.W.3d 563, 570 (Tex.App.-Amarillo 2004, pet. denied);
Dailey v. Albertsons, Inc., 83 S.W.3d 222, 225 (Tex.App.-El Paso 2002, no pet.). 
3. Failure to affirmatively show that the affiant had personal knowledge is a defect
in form and must be preserved in the trial court. Grand Prairie Indep. School Dist. v.
Vaughan, 792 S.W.2d 944, 945 (Tex. 1990). Here, Wynne has alleged that Gilbert's
affidavit is not founded on personal knowledge as part of her argument that the affidavit
is conclusory and therefore suffers from a substantive defect that may be raised for the first
time on appeal. 
4. For example, Wynne notes the date "11/10/04" also appears on statements with
closing dates from July 25, 2001 through June 25, 2002, and the date "01/28/05" appears
on statements with closing dates from July 25, 2002 through January 25, 2005.
5. The statements appear as pages 69, 70 and 71 of the clerk's record.
6. Wynne's motion for new trial does not assist her here. See Gomez v. Allstate
Texas Lloyds Ins. Co., 241 S.W.3d 196, 202 (Tex.App.-Fort Worth 2007, no pet.)
(objections to defects in form of affidavits or attachments to a summary judgment motion
raised for the first time in a motion for new trial are insufficient to preserve error).
7. The response is dated December 8 and file-marked December 12, 2005.
8. We need not address Wynne's appellate objection to Adkins's affidavit filed on
December 15.