NO. 07-07-0044-CR



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL A



MAY 30, 2008


 ______________________________



ADRIAN TENORIO, APPELLANT



V.



THE STATE OF TEXAS, APPELLEE


_________________________________



FROM THE 140TH DISTRICT COURT OF LUBBOCK COUNTY;



NO. 2006-413201; HONORABLE JIM BOB DARNELL, JUDGE


_______________________________




Before CAMPBELL and HANCOCK and PIRTLE, JJ.

MEMORANDUM OPINION


 Appellant Adrian Tenorio filed notice of appeal from the trial court's judgment of
conviction for the offense of aggravated robbery, (1) and the accompanying sentence of
confinement in the Texas Department of Criminal Justice, Institutional Division. We agree
with his appointed counsel's conclusion that the record fails to show any arguably
meritorious issue which would support the appeal, and affirm the trial court's judgment. 

 By indictment, the State alleged that on May 21, 2006, appellant robbed a Lubbock
convenience store at gunpoint. Appellant entered an open plea of guilty to the charge of
aggravated robbery and elected to have a jury assess punishment. At the punishment trial,
the jury heard evidence that appellant committed two additional aggravated robberies of
convenience stores within about one hour of the offense to which he plead guilty. The
evidence showed that during two of the robberies appellant discharged a handgun and at
one location pointed the gun at a store customer. Evidence was also presented of
appellant's prior acts of domestic assault and violations of probation. The jury assessed
punishment at fifty years confinement in the Texas Department of Corrections, Institutional
Division. This appeal followed.

 Appellant's appointed counsel has filed a motion to withdraw and a brief in support
pursuant to Anders v. California, 386 U.S. 738, 744-745, 87 S.Ct. 1396, 18 L.Ed.2d 493
(1967), in which he certifies that he has diligently reviewed the record and, in his
professional opinion, under the controlling authorities and facts of this case, there is no
reversible error or legitimate grounds on which a non-frivolous appeal can arguably be
predicated. Counsel has certified that a copy of the Anders brief and motion to withdraw
have been served on appellant, and that counsel has advised appellant of his right to
review the record and file a pro se response. Johnson v. State, 885 S.W.2d 641, 645
(Tex.App.-Waco 1994, pet. ref'd). After his receipt of a copy of the Anders brief and
motion to withdraw, appellant filed a letter with this court, in which he sought appointment
of replacement counsel. By subsequent letter, we notified appellant of his opportunity to
submit a response to the Anders brief and motion to withdraw filed by his counsel. 
Appellant made no further response.

 We initially address appellant's request for new appellate counsel. When an Anders
brief is filed in support of a motion to withdraw, we do not rule on appointed counsel's
motion to withdraw until we have independently examined the entire record. Nicholls v.
State, 954 S.W.2d 83, 86 (Tex.App.-San Antonio 1997, no pet.). If we then determine the
appeal has merit, we are required to remand the case to the trial court for appointment of
new counsel. See Stafford v. State, 813 S.W.2d 503, 511 (Tex.Crim.App. 1991). 

 We turn to the Anders brief filed by appellant's counsel and then the record. 
Following a discussion of the procedural history of the case, the brief addresses pretrial
events, voir dire, evidentiary matters, sufficiency of the evidence, and the charge. Counsel
has supported his discussion in each category with citations to the record and applicable
case law. Counsel identified three evidentiary questions on which he focused the bulk of
his discussion. In each instance, he concluded the trial court did not abuse its discretion
by overruling objections of appellant. He also noted that appellant interposed several
objections which the court sustained. We agree that the potential evidentiary issues
discussed by counsel do not support the appeal as no harmful evidentiary rulings are
evident. Our examination of the entire record leads us to conclude that appellant's counsel
conducted a complete analysis of the record.

 In conducting an independent examination of the entire record, we searched for any
non-frivolous grounds on which an appeal could arguably be founded. See Penson v.
Ohio, 488 U.S. 75, 109 S.Ct. 346, 102 L.Ed.2d 300 (1988); Stafford, 813 S.W.2d at 511. 
We agree with counsel that the record presents no arguably meritorious issue which would
support an appeal. 

 Accordingly, we grant counsel's motion to withdraw, (2) and affirm the judgment of the
trial court. 


 James T. Campbell

 Justice




Do not publish. 

1. See Tex. Penal Code Ann. § 29.03(a)(2) (Vernon 2003).
2. Counsel shall, within five days after this opinion is handed down, send appellant
a copy of the opinion and judgment, along with notification of appellant's right to file a pro
se petition for discretionary review. See Tex. R. App. P. 48.4.



eption Locked="false" Priority="60" SemiHidden="false"
 UnhideWhenUsed="false" Name="Light Shading Accent 1"/>
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 









NO.  07-10-0208-CV

                                                             

                                                   IN
THE COURT OF APPEALS

 

                                       FOR
THE SEVENTH DISTRICT OF TEXAS

 

                                                                 AT
AMARILLO

 

                                                                     PANEL
D

 

                                                           DECEMBER
8, 2010

 

                                            ______________________________

 

 

WELLS
FARGO BANK, NATIONAL ASSOCIATION

 

                                                                                                                        Appellant

                                                                             v.

 

                CATHERINE D. KOEHLER TRUST AND LOUISE TRAMMEL TRUST,

 

                                                                                                                        Appellees

                                         _________________________________

 

                       FROM
THE 108TH DISTRICT COURT OF POTTER COUNTY;

 

                         NO.
98,287-E; HON. DOUGLAS WOODBURN, PRESIDING

                                           _______________________________

 

Memorandum Opinion

_______________________________

 

Before QUINN, C.J., and CAMPBELL and
PIRTLE, JJ.

            Pending
before the court is the joint motion of appellant Wells Fargo Bank, National
Association and appellees, the Catherine D. Koehler
Trust and the Louise Trammell Conley Trust, to reverse the trial courts
judgment and remand the cause.  The movants represent they have settled their dispute but that
the settlement necessitates entry by the trial court.  Thus, they request that the judgment be
reversed and the cause remanded to the trial court to reinvest it with
jurisdiction to consider the compromise. 
Therefore, we grant the motion.

            Accordingly, the judgment is reversed and the cause is
remanded to the trial court pursuant to Texas Rule of Appellate Procedure
43.2(d) and Dunn v. Canadian Oil & Gas Serv., Inc., 908 S.W.2d 323 (Tex.App.El Paso 1995, no writ).

 

                                                                        Brian
Quinn

                                                                      Chief Justice